McCarthy Freight System, Inc. *vs.* Paul J. Durand.

NOVEMBER 9, 1939.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This bill in equity is brought by the complainant for subrogation and for reimbursement.   The cause is before us upon the complainant's appeal from a decree entered in the superior court sustaining the respondent's substantial demurrer to the bill of complaint.

Although the bill of complaint contains many allegations under different and perhaps alternative titles, it seeks only one ultimate relief.   It prays for reimbursement of the complainant by the respondent for expenditures made by the former in settling, without trial, certain claims of members of the public.   These claimants suffered damages by reason of the alleged negligence of the driver of respondent's truck while it was transporting complainant's freight, pursuant to the terms of a contract between complainant and respondent.

The chief allegations of the bill may be summarized substantially as follows:   The complainant is a common carrier engaged in transporting freight by means of trucks, some of which were hired by it from other owners.   The complainant, pursuant to negotiations with the respondent, entered into a contract whereby the respondent for specified payments agreed to provide a truck and driver as the complainant might require and direct.   This contract was entered into by the complainant in reliance upon the representation of the respondent, or at least upon an understanding by the complainant, that the truck in question would be covered by indemnity insurance so as to protect the complainant against loss from any claims for damages resulting to members of the public from the negligent operation of the truck while it was engaged upon the complainant's business as contemplated by the contract.

The bill further alleges that:   Five members of the public suffered personal injuries or property damage, or both, because of the alleged negligent operation of the truck by its

driver, who had remained in the employ and control of the respondent. Claims for such damages were made by them against the complainant and respondent, all of which were settled without trial by the complainant, and two of them were settled without any suit having been brought. Upon receipt of payment from the complainant of certain specified sums, the claimant in each case executed and delivered to the complainant a general release of all claims for injuries or damage which that claimant had, by reason of the alleged accident, against the complainant and respondent. The complainant paid out certain additional sums for investigation and attorney's services in effecting the settlements of these claims. The bill of complaint then prays principally that the complainant be subrogated to the rights of these claimants against the respondent, and that it be reimbursed by the respondent for all of the money reasonably expended by the complainant in connection with the settling of these claims.

To the bill of complaint the respondent filed a substantial demurrer which, in effect, asserted that it appeared that the complainant had an adequate remedy at law, and second, that the bill did not state a cause that entitled the complainant to any relief within the jurisdiction of equity. The trial justice upheld these contentions of the respondent and entered a decree sustaining the demurrer essentially upon the above two grounds. The present appeal is from that decree.

The complainant contends in general that the decree is erroneous because the bill of complaint alleges facts which show the existence of a suretyship relation between the complainant and respondent, whether such relation arises from a contract or by estoppel, and that such suretyship is a proper ground for the exercise of equity jurisdiction; and secondly, that if the bill fails in this respect, it alleges facts which entitle the complainant at least to a right of equitable subrogation against the respondent and to reimbursement

by the respondent. The argument is made that the respondent, as actual tort feasor, should be required in fairness and equity to reimburse the complainant, which was only remotely or "vicariously" liable for the tort of respondent's driver.

In support of its several contentions under these main headings, the complainant has presented numerous citations of texts and decided cases and it is contended that they are pertinent authorities here. However, we are of the opinion that the allegations appearing in the bill of complaint preclude the complainant from coming within the purview of the law stated therein. As we view the matter, all of the complainant's contentions seem to be grounded necessarily upon the premise that it was a joint tort feasor with the respondent, or at least that the complainant had some kind of original liability, as a matter of law, to these members of the public who made claims against both complainant and respondent. But the complainant completely negatives the existence of any such premise, as is clear from the averments in the bill.

In addition to certain other facts not now important, the bill of complaint alleges in paragraph Sixth: "That by the terms of the contract described in paragraph Fifth, the respondent rented and the complainant hired a truck *and* a driver for the truck for the purpose of delivering, transporting, hauling, trucking and picking up freight and merchandise in the City of Providence and vicinity . . .; that the said driver continued in the employ of the said respondent and was entrusted, by the said respondent with the responsibility for the care of the said truck while said truck was rented to the complainant; that the said respondent continued to pay the wages of the said driver during the time the said driver was loaned to the complainant; *that the right to control and the control of the said driver continued in the said respondent* although the complainant had the

right, under the contract to give such orders to the said driver that were incidental to and consonant with the carrying out of said contract; that *the said respondent entered into said contract understanding. and accepting the terms of said contract to be as above related; . . . .*" (italics ours)

It therefore appears upon these averments, which the demurrer admits, that the driver of the truck which caused the damage was never the servant or agent of the complainant, but was at all times the servant and agent of this respondent. Considering it thus admitted and conclusively established that the respondent alone had the exclusive "right to control and the control of the said driver", it follows that the complainant had a complete and adequate defense, as a matter of law, to any claims by members of the public arising from the negligence of the operator of the respondent's truck. *Higham* v. *T. W. Waterman Co.*, 32 R. I. 578. See also *Coyne* v. *Coastwise Dredging Co.*, 36 R. I. 278.

In view of the admitted basic facts and the settled law of this state, we are of the opinion that these payments by the complainant can not be considered as compulsory and "unofficious", as complainant alleges and contends. They were made voluntarily to settle, without trial, claims of members of the public for damages for which the complainant, as above set forth, was not liable as a matter of law. We are also of the opinion that the bill does not set up any suretyship relation between complainant and respondent. If it sets forth a cause based upon any legal relationship, it seems to us that the ordinary process of a law action in case or contract would provide an adequate remedy.

The cases and texts to which we have been referred by the complainant seem to be largely, if not entirely, cases involving an original liability of the complainant under the

principle of master and servant; principal and agent; employer and employee, under either the workmen's compensation act or some other statute; municipality having a statutory liability to the public seeking reimbursement over and against a negligent contractor; or the owner of property involved in the alleged tort with some form of liability under common law or statute seeking redress against an actual or more immediate tort feasor.

An example of the cases strongly relied upon by the complainant is *Fuller Co.* v. *Otis Elevator Co.*, 245 U. S. 489. In that case the Fuller Company did not seek reimbursement from the defendant in the trial court for money paid in settlement, without trial, of claims for damages for which the Fuller Company was *not* originally liable. It rather sought to recover the amount of a judgment which had been entered against it upon a verdict after a trial, wherein it had been found to be liable for the negligence of *its* servant. After this judgment was affirmed by the supreme court in *Fuller Co.* v. *McCloskey*, 228 U. S. 194, and paid by it, the Fuller Company, which in the first case had been found liable to the injured person on the theory of *respondeat superior*, sued to obtain reimbursement from its subcontractor.

In the instant cause, however, none of the five original claims were ever tried; two of them were settled without suit having been brought; there was no adjudication by any court that the complainant had any liability, as master or otherwise, to the injured claimants; no judgment was ever entered which the complainant was required in law to pay; and the pleadings brought it conclusively within the law of the *Higham* case, *supra,* showing this complainant had no original liability, as a matter of law, for the tort of the respondent's servant. The distinction between these cases seems obvious, and the same underlying basis of dis-

436

tinction, namely, the existence of an original liability, seems to hold for the other cases and texts which have been cited.

In our opinion, the ruling of the justice, sustaining the respondent's demurrer to the bill, is correct.

Therefore, the appeal of the complainant is denied, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*William H. McSoley, William H. McSoley, Jr.,* for complainant.

*Quinn & Quinn, James B. Linehan, Patrick H. Quinn,* for respondent.