Palmer House Company, a Foreign Corporation, for the Use of Liberty Mutual Insurance Company, Appellant, v. Henry R. Otto, Emma W. Otto, and Robert S. Otto, Copartners, Trading as Office Furniture Clearing House, Appellees.

Gen. No. 45,695.

Opinion filed May 20, 1952. Released for publication July 1, 1952.

B. S. QUIGLEY, of Chicago, for appellant; E. S. McKEOWN, of Chicago, of counsel.

EUGENE P. KEALY, of Chicago, for appellees; FRANCIS L. BRINKMAN, of Chicago, of counsel.

MR. JUSTICE ROBSON delivered the opinion of the court.

This is an action in which the plaintiff, the Palmer House Company, a foreign corporation, suing for the use of the Liberty Mutual Insurance Company, a corporation, appellant, seeks to recover from defendants Henry R. Otto, Emma W. Otto and Robert S. Otto, copartners, doing business as Office Furniture Clearing House, appellees, the sum of $2,550 expended by it in the trial and settlement of an earlier lawsuit (hereinafter referred to as the the *Douglas* case) brought against the present parties jointly.

Defendants filed a motion to strike the complaint. This motion was overruled and defendants filed their answer. The case was tried without a jury. After opening statements the trial court stated it regarded the question as one of law to be determined by the pleadings and refused to admit testimony or to allow the transcript of the proceedings of the previous trial and the instructions given to the jury to be admitted as evidence. Plaintiff's motions for judgment notwithstanding the finding, for vacation of the finding and the allowance of a new trial, and for arrest of judgment were overruled. Plaintiff appeals from the judgment.

The transcript of testimony in the *Douglas* case, which was marked for identification but not admitted by the trial court, reveals that Robert Douglas, on January 13, 1945, while attending a convention in the

199

Palmer House, suffered personal injuries when he slipped on a board placed on a stairway leading from the fourth floor to a floor between the third and fourth floors. The board had been placed there by the employees of the defendants who were engaged in moving furniture owned and leased by the defendants to the Palmer House, pursuant to an agreement between the parties wherein the defendants supplied office furniture for use and exhibit to patrons of the Palmer House. None of the plaintiff's employees exercised any supervision or control over the movement of defendants' furniture. At the time of the accident none of defendants' employees were near the board. It was left unguarded. There was testimony by Douglas to the effect that the stairway was dimly lighted. However, witnesses for the defendants as well as the plaintiff, testified that the stairway was well lighted, but no charge of this kind was made in the complaint and no instruction given to the jury pertaining to it.

When plaintiff was sued in the *Douglas* case it notified defendants to appear and defend and indemnify it in said suit, but defendants failed and refused to do so. Subsequently they were brought into the action as additional parties by Robert Douglas and appeared and defended on their own behalf. Following a jury trial, judgment was rendered in the action against both the plaintiff and the defendants in the amount of $5,000. This judgment was satisfied by separate payments of $2,000 by the Liberty Mutual Insurance Company on behalf of the Palmer House, and by defendants' insurer on their behalf by a like sum of $2,000.

██ The principal question presented is whether the plaintiff was guilty of only passive and technical negligence toward the injured person in the *Douglas* case and is, therefore, entitled to indemnity by the defendants who plaintiff contends were guilty of active negli-

gence and were the cause of the injury. The rule is well settled that one who, without personal fault on his part, has become subject to tort liability for the unauthorized and wrongful conduct of another is entitled to indemnity from the other for expenditures properly made in the discharge of such liability. *Gulf, Mobile & Ohio Railroad Co. v. Arthur Dixon Transfer Co.*, 343 Ill. App. 148; *Pennsylvania Company v. Roberts & Schaefer Co.*, 250 Ill. App. 330; *Chicago Railways Co. v. R. F. Conway Co.*, 219 Ill. App. 220; *Sherman House Hotel Co. v. Butler Street Foundry & Iron Co.*, 168 Ill. App. 549.

It seems to be conceded by both parties that this is a correct statement of the law. They, however, draw opposite conclusions in applying it to this case. Defendants argue not only that the judgment in the personal injury case is *res adjudicata* but also that both parties were guilty of concurrent negligence and that the hotel was guilty of omissions to perform a duty to the plaintiff in the *Douglas* case.

■ Defendants' motion to strike the complaint pleaded that the *Douglas* case was *res adjudicata* and that the parties were joint tort-feasors. This was overruled and an answer then filed. The issues as alleged in the complaint then became not ones of law alone but of both fact and law, which the trial court should have considered according to the principles as enunciated in the cases heretofore cited.

■ Plaintiff served notice on defendants that it would hold them liable as indemnitors. In negligence cases the indemnitor has been held to be bound by the material facts established in an action against the indemnitee. *Miller v. United States Fidelity & Guaranty Co.*, 291 Mass. 445; *Washington Gas Light Co. v. District of Columbia*, 161 U. S. 316. Therefore, the transcript of testimony, the instructions to the jury in the *Douglas* case, and such testimony of witnesses sub-

poenaed by the plaintiff as was material to the issues should be considered by the trial court.

Counsel for defendants assert that there was a duty on the part of the plaintiff to give it a safe place to do its work with freedom of interference from wandering guests and, further, that the defendants breached no duty to the plaintiff in placing the board on the step. In the present state of the record, we are at a loss to understand the logic of these contentions by defendants. These points are issues of fact to be determined in the first instance by the trial court upon competent evidence of plaintiff and defendants bearing on the issues involved.

The judgment of the trial court is reversed and the cause remanded for new trial pursuant to the directions herein contained.

*Judgment reversed and cause remanded for new trial with directions.*

SCHWARTZ, J., concurs.

TUOHY, P. J., took no part.