SOUTHWEST MISSISSIPPI ELECTRIC POWER ASSN. *v.* HARRAGILL, et al.

No. 43711 January 24, 1966 182 So. 2d 220

*Daniel, Coker & Horton,* Jackson, for appellant.

*Richard T. Watson,* Woodville; *Stratton & Jones, George H. Gulley, Jr.,* Brookhaven; *Carter & Mitchell,* Jackson, for appellees.

GILLESPIE, P. J.

Southwest Mississippi Electric Power Association, plaintiff below and appellant here, sued D. B. Harragill, d/b/a O. K. Welding Company, and Enlow M. Kee, Jr., et al., d/b/a Colonial Chevrolet Company, defendants below and appellees here, seeking common law indemnity. The trial court sustained demurrers, dismissed the suit, and plaintiff appealed. We affirm because the sum paid out by plaintiff, and for which it seeks indemnity, was a voluntary payment.

Southwest purchased a truck from Colonial Chevrolet Company. In order to comply with Southwest's specifications that the truck be equipped with electric holding brakes, the O. K. Welding Company was engaged by Colonial Chevrolet Company to install the electric holding brakes on the truck. The truck was delivered October 18, 1957, and was used thereafter until August 6, 1958, and the electric holding brakes functioned properly at all times. On August 6, 1958, an employee of Southwest was operating the truck on behalf of Southwest along a highway in Adams County when he overtook a vehicle driven by Mrs. Ethel G. Dunn which was proceeding in the same direction. The driver of South-

west's truck attempted to apply his brakes and discovered that the brakes would not function, and the brake failure resulted in Southwest's truck colliding with the rear end of the automobile driven by Mrs. Dunn, who received serious personal injuries in the collision.

Mrs. Dunn filed suit in the Circuit Court of Adams County against Southwest and its driver in the amount of $101,049.10. She charged that the driver of Southwest's truck was guilty of negligence in (1) attempting to pass the Dunn vehicle in a portion of the highway marked with a yellow line prohibiting passing at that place; (2) operating the truck at an illegal and excessive speed; (3) failing to have the truck under proper control; (4) failing to keep the proper lookout and (5) operating the truck too close to the vehicle driven by Mrs. Dunn.

Southwest employed competent counsel to defend the suit and after a full investigation of the case, Southwest filed its answer denying all allegations of negligence charged in Mrs. Dunn's declaration. It alleged as an affirmative defense the facts concerning the purchase of the truck and the installation of the electric holding brakes by O. K. Welding Company; that the said O. K. Welding Company used improper brass fittings which were improperly assembled and failed to provide adequate and sufficient contact between said brass fittings; that Southwest had used all reasonable care and caution to inspect and maintain said truck, but it was unable, in the exercise of reasonable care and caution, to discover said defective fittings and the improper assembly of said fittings until after the collision with Mrs. Dunn's automobile. Southwest alleged in its answer that by reason of the sudden failure of the said brakes, the driver of the truck was confronted with a sudden emergency and did all within his power to stop the truck and avoid the collision.

On the advice of counsel, Southwest settled the suit filed against it by Mrs. Dunn by paying her the sum

of $17,000.00 and incurred attorney's fees and other expenses in the amount of $2,211.16, making a total amount of $19,211.16, which Southwest seeks in the present suit to recover from Colonial Chevrolet Company and O. K. Welding Company.

In addition to the foregoing facts, Southwest alleged in the present suit that when its investigation of the claim made by Mrs. Dunn revealed the improper brass fittings in the electric holding brakes, Southwest notified Colonial Chevrolet Company and O. K. Welding Company of this fact and demanded that said Chevrolet Company and Welding Company assume the defense of the action filed against Southwest by Mrs. Dunn. Both companies refused and thereafter Southwest settled as hereinabove stated.

Southwest alleged in its declaration that it had no knowledge or means of knowing that the defective and improper brake fittings would break and give way at said time and place. Southwest alleged that Colonial Chevrolet Company and O. K. Welding Company were primarily liable to Mrs. Dunn and that Southwest was secondarily liable to Mrs. Dunn and was legally obligated in damages to her.

Two principal questions are presented for our determination: (1) Whether under the facts alleged by Southwest it was legally liable to Mrs. Dunn for the damages sustained by her in the collision between her automobile and the truck belonging to Southwest, and (2) if Southwest was not liable to Mrs. Dunn, was the payment to her voluntary. We hold that according to the allegations of the declaration filed by Southwest there was no liability on its part to Mrs. Dunn and the payment made to her was the act of a volunteer and cannot be recovered in an action for indemnity.

In the modern development of common law indemnity, the cases fall into three categories: (1) cases involving vicarious liability, (2) cases where the indemnitee has

failed to discover the condition that caused the initial injury, and (3) cases where both indemnitor and indemnitee have breached a duty, but as between themselves, the indemnitor has agreed to perform.[1] It is not necessary to determine whether the present case comes within one of these three categories. The payment was voluntary, and we base our decision on that issue.

Was Southwest liable to Mrs. Dunn for the injuries sustained in the accident?

 This Court adheres to the rule that failure of brakes makes only a prima facie case of liability against a motorist which the driver may defend by showing proper inspection and a sudden failure without warning. Phillips v. Delta Motor Lines, 235 Miss. 1, 108 So. 2d 409 (1959); Fink v. East Miss. Elec. Power Ass'n., 234 Miss. 221, 105 So. 2d 548 (1958). Stated differently, the operator of a motor vehicle is liable for injuries caused by defective brakes only if he was negligent in failing to discover the defect. Annot., 170 A.L.R. 619 (1947). Southwest alleged in its declaration that it used all reasonable care and caution to properly inspect and maintain said truck, and was unable in the exercise of reasonable care and caution to discover said defective fittings and improper assembly of said fittings until after the brakes failed immediately prior to the time of the accident. It further alleged that it had no knowledge or means of knowledge that said defective and improper brake fittings would break and that Southwest's driver used all reasonable care and caution in the sudden emergency which was presented by the brake failure, and he was unable to avoid striking Mrs. Dunn's automobile. In short, Southwest alleged that it was guilty of no negligence whatsoever in connection with the collision in which Mrs. Dunn was injured. Southwest did state that it was secondarily liable to Mrs.

---

[1] "Developments in the Law of Indemnity," William J. McKenna and John C. Bartler, THE FORUM, Vol. 1, No. 1 (1965).

Dunn for her damages, but the facts alleged in the declaration did not show that Southwest was liable under the authorities cited above.

■■■ The authorities hold that to recover indemnity it is necessary for the plaintiff to allege and prove that he was legally liable to the person injured, and consequently, paid under compulsion. Otherwise, the payment is a voluntary one for which there can be no recovery. 42 C.J.S. *Indemnity* § 25 at 603-04 (1944); Keljikian v. Star Brewing Co., 303 Mass. 53, 20 N. E. 2d 465 (1939); McCarthy Freight Systems, Inc. v. Durand, 9 A. 2d 3 (R. I. 1939).

■■■ This Court has declined to extend aid to those who make voluntary payments for which they were not legally liable. The basic purpose of courts, as far as civil cases are concerned, is to extend aid to those who have not been able by lawful means to aid themselves, and relief is not available to those who have neglected to take care of their interests. ■■■ If an unjust demand is made upon a party for that which he does not owe, when he knows or ought to know all the facts, he must avail himself of the means the law affords and resist the demand. McDaniel Bros. Constr. Co. v. Burk-Hallman Co., 253 Miss. 417, 175 So. 2d 603 (1965).

We hold that the facts alleged in Southwest's declaration show that it was not liable to Mrs. Dunn. The payment made to her was the act of a volunteer, and Southwest may not maintain an action of indemnity. The case turns on the issue of voluntariness of the payment, and we reach no other question.

Affirmed.

*Ethridge, C. J., and Rodgers, Brady and Smith, JJ.,* concur.

Rodgers, J., specially concurring:

I concur in the results we have reached in this case based upon the peculiar facts alleged in the pleadings,

together with the settlement here shown, but I do not want it to appear that I am of the opinion indemnity cannot be recovered in proper cases, even though a settlement of an action is the basis for the suit. Union Stock Yards Co. v. Chicago, Burlington and Quinch R. R. Co., 196 U. S. 217, 25 Sup. Ct. 226, 49 L. Ed. 453 (1905); Bethlehem Shipbuilding Corp., Ltd. v. Joseph Gutradt Co., 10 F. 2d 769 (9th Cir. 1926); Mallory S. S. Co. v. Druhan, 17 Ala. App. 365, 84 So. 874 (1920); Seaboard Air Line Ry. Co. v. American Dist. Elec. Protective Co., 106 Fla. 330, 143 So. 316 (1932); Palmer House Co. v. Otto, 347 Ill. App. 198, 106 N. E. 2d 753 (1st Dist. Ct. App. 1952); Gray v. Boston Gas Light Co., 114 Mass. 149 (1873); Popkin Bros., Inc. v. Volk's Tire Co., 20 N. J. Misc. 1, 23 A. 2d 162 (1941); Colonial Motor Coach Corp. v. New York Cent. R. R., 228 N. Y. S. 508, 131 Misc. 891 (1928); Oceanic Steam Nav. Co., Ltd. v. Compania Transatlantica Espanola, 134 N. Y. 461, 31 N. E. 987 (1892); 1 Harper and James, *Torts,* § 10.2 (1956).