ETHRIDGE, Chief Justice:
This case involves the liability of an operator of a motor vehicle for an accident resulting from the alleged breaking of or defect in its steering mechanism. Melvin N. Burnett, appellant, brought this action in the Circuit Court of Lauderdale County against Mrs. Wanda Flurry Avera, for personal injuries resulting from a collision between the two vehicles driven by these parties. The jury returned a verdict for defendant, and this appeal is from the judgment based on that verdict. We affirm.
The accident occurred on State Highway 26 in George County, which runs generally east and west. Burnett was driving east. Mrs. Avera, in a 1955 Plymouth owned by her brother but used by her for two months, was going west. The highway was dry, and the weather and visibility good. Mrs. Avera said that she had passed another car traveling west and had slowed down behind a truck. After she pulled in behind the other vehicle, she stated that suddenly and without warning her car swerved or pulled to the left with an uncontrollable force, that she made every effort to steer it back into the proper lane, but without success, because the steering wheel would not turn the wheels. Her car skidded off the road to- the south. Burnett’s car hit the center panel of the Avera car, and also went off that embankment. Before the accident, his speed was 60-65 miles per hour, within the speed limit. Burnett said that he had “locked” his brakes for about 300 feet before he hit the Avera car.
Apparently Avera’s car did not leave any skid marks. When she pulled in behind the slow-moving truck ahead of her, she had slowed down “a good bit” and touched her brakes lightly. She could not remember whether she ever touched the brakes after the failure of the steering mechanism, but indicated that she probably did not.
A mechanic, Shelby Smith, operated a wrecker service and a repair garage. He picked up both automobiles at the scene and carried them to his garage. Inspection of Avera’s Plymouth at the scene, before moving it, showed that the steering wheel was loose at the time, and had no control over the front wheels. The next morning he checked it again, and found the drag link on the ground. Smith said it had “come off because a Pittman arm nut had come off of it.” That arm nut comes directly from the steering sector, which controls the steering of the vehicle. When those two parts are not connected, there is no control over the steering apparatus.
Mrs. Avera had never had any trouble with the steering on the Plymouth before that date. One or two weeks before the accident, she had the car in a repair shop, and directed the proprietor to fix the radiator and check the rest of the car to see if there was anything wrong with it, *790 and if so, to fix it. No repairs were made other than to the radiator.
The operator or owner of a motor vehicle is not liable for an injury resulting from its defective condition in the absence of negligence on his part. However, he is required to exercise reasonable care to see that the vehicle is in a safe and proper condition. Thus he is liable for injuries which are shown to have resulted from conditions which he knew, or in the exercise of reasonable care ought to have known, were so unsafe as to endanger others. The owner or operator must exercise reasonable care in the inspection of the vehicle to discover any defects which may prevent its proper operation, and he is chargeable with knowledge of any defects which such inspection would disclose.
These rules are applicable to injuries resulting from a defect in the steering apparatus of an automobile. Accordingly, the owner or operator is not liable for injuries suffered in an accident caused by a defect in the steering apparatus, where he did not know of its existence, and would not have known by the use ,pf reasonable care in inspecting the vehicle. 8 Am.Jur.2d Automobiles and Highway Traffic §§ 699, 704 (1963); Annot., 23 A.L.R.2d 539 (1952). Moreover, the general rule is that it is for the jury to determine whether a vehicle was defective, whether its use in a defective condition was negligence, and whether such defective equipment contributed to the accident. Issues as to defendant’s negligence in regard to the condition and operation of brakes or steering mechanism should generally be submitted to the jury. 10A Blashfield, Cyclopedia of Automobile Law and, Practice § 6609 (1955).
Several Mississippi cases have applied these rules. Southwest Mississippi Electric Power Association v. Harragill, 254 Miss. 460, 182 So.2d 220 (1966), held that failure of brakes makes only a prima facie case of liability against a motorist, who may defend by showing proper inspection and a sudden failure without warning. Phillips v. Delta Motor Lines, Inc., 235 Miss. 1, 108 So.2d 409 (1959), stated that the question of whether a truck driver was negligent in failing to exercise such care after his air brakes gave way as a reasonably prudent driver would have used under the circumstances to avoid an accident was for the jury. The brakes had been inspected and found to be in proper condition three days before the accident. The fact that the emergency with which the driver was confronted was not of his own creation did not relieve him of the duty to exercise reasonable care under the circumstances after the emergency arose. Fink v. East Miss. Elec. Power Ass’n., 234 Miss. 221, 105 So.2d 548 (1958) (defective brakes); Moore v. Taggart, 233 Miss. 389, 102 So.2d 333 (1958) (defective brakes); Monsour v. Farris, 181 Miss. 803, 181 So. 326 (1938) (defective tire); Texas Co. v. Jackson, 174 Miss. 737, 165 So. 546 (1936) (defective steering, owner had knowledge of defect).
In accord with these cases, whether Mrs. Avera was guilty of negligence which proximately contributed to Burnett’s injuries was a question of fact for the jury. The failure of the steering mechanism to operate made a prima facie case, for plaintiff, which she defended by showing, the jury could find, a proper inspection and sudden failure of the steering without warning. Defendant’s evidence showed a recent inspection, and a sudden failure of the steering apparatus without warning, which threw her car into the wrong lane of traffic. Whether she should have applied her brakes at that time was also a question for the jury. It no doubt concluded that she did not have time to do so, and that if she had, the collision may have been more traumatic than it was.
There were no reversible errors in the instructions granted appellee, when they are examined in their entirety. Nor can we say that the trial court abused its dis *791 cretion in excluding evidence attempting to impeach the mechanic (Smith) on the ground of an inadequate predicate.
Affirmed.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.