OTIS LAMBERT, JR., Plaintiff, *v.* D. J. VELO & Co., Defendant—(D. J. VELO & Co., Third-Party Plaintiff-Appellee, *v.* DECKS, INC., Third-Party Defendant-Appellant.)

(No. 53370; ▮▮▮▮▮▮▮▮▮▮)

First District—January 27, 1971.

*Rehearing denied February 24, 1971.*

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, (Leome Hatch and Kennel Griffith, of counsel,) for appellant.

Kralovec, Sweeney, Marquard & Scoby, of Chicago, (Henry J. Marquard and Edward V. Scoby, of counsel,) for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The appellant, Decks, Inc., was a third-party defendant in an action brought by an injured workman against D. J. Velo & Company under the Structural Work Act of Illinois. D. J. Velo & Company filed a third-party action against Decks for indemnity and recovered a verdict and judg-

ment of $98,000. The principal action between the plaintiff, Lambert, and the defendant, Velo, has been disposed of and is not before this court, this appeal being limited to the indemnity action.

The plaintiff was employed by Decks, Inc., the third-party defendant, as a roofer, and while so engaged in his employment, he fell from a roof and was severely injured. The jury awarded the plaintiff $98,000 against Velo & Company and then in the same action awarded Velo & Company the same amount against Decks, Inc. by way of third-party indemnity. In this appeal Decks, Inc. takes the position that this indemnity action is purely a question of law, and Velo insists it is a question of fact for the jury.

■■ The accident for which plaintiff recovered occurred on September 24, 1962, and D. J. Velo & Company was the general contractor in charge of the work, and Decks, Inc. was the subcontractor installing the roof deck. During the erection of the roof deck, no scaffolding, safety net, safety belts or lines, or platforms or catwalks, or other devices to prevent the workmen from falling were used; neither were they mentioned in the specifications or the subcontract. Decks argues that such devices were not feasible and had never been used on such a roofing installation. The failure to provide scaffolding can be the basis of a cause of action under the Structural Work Act. *Louis v. Barenfanger* (1968), 39 Ill.2d 445, 449.

The third-party action of Velo against Decks is based on implied indemnity, and Decks defends on the theory that there can be no indemnity because both parties are in the same position of having done nothing about safety devices and therefore are equal joint tort-feasors. It is Velo's theory that the active-passive doctrine applies, and therefore indemnity is proper.

■■ In *Miller v. DeWitt* (1967), 37 Ill.2d 273, the Illinois Supreme Court had occasion to pass upon a third-party complaint for indemnity under the Illinois Structural Work Act (Ill. Rev. Stat. ch. 48, pars. 60—69). The trial court had dismissed the third-party complaint on motion without presenting the issue to the jury. The Supreme Court reversed and remanded for a trial to determine the respective rights of the parties. In that case the architects, DeWitt, were held liable to the plaintiffs and, in turn, the architects filed a third-party complaint against the contractor. The court said (pp. 290—292):

"* * * the contractor insists that since the original complaint and the third-party complaint contain similar allegations of negligence, there can be no indemnity over between two active wrongdoers. We do not agree with this conclusion. While the original complaint does not contain allegations of active wrongdoing, this does not constitute

the sole basis for liability on the part of the architects. As we have suggested before, the jury could have properly based their verdict on the failure of the architects to stop work or prevent the contractor from performing its duties in an unsafe manner. If the jury could properly find that an injury was directly caused by improper construction methods and techniques used by a contractor, and, as we hold, that the architect was liable only by reason of a failure to stop work on the job, we think that the jury could find that the contractor was an active tort-feasor while the architect's fault was merely passive. (*Chicago and Illinois Midland Railway Co. v. Evans Const. Co.* 32 Ill.2d 600, 604—5.) Nor does our earlier determination herein that the architects were properly found liable to plaintiffs under the Structural Work Act alter our disposition with regard to the third-party action. While, in *Gannon v. Chicago, Milwaukee, St. Paul and Pacific Ry. Co.,* 22 Ill.2d 305, this court has held that liability under the Structural Work Act properly attaches only to those 'having charge of' the operation or construction who have wilfully violated the provisions of the act, this does not mean that persons found liable thereunder are necessarily active wrongdoers. (Wilfully means knowingly (*Gannon*), and a person will be deemed to have known that which he reasonably should have known. (*Schultz v. Ericsson Co.,* 264 Ill. 156.) We agree with the language of the appellate court in *Rovekamp v. Central Const. Co.,* 45 Ill.App.2d 441, 449, where it is stated that '[a]lthough the liability imposed by the [Structural Work] Act does not rest upon negligence, there can be degrees of fault among those who, under the Act, are accountable to an injured plaintiff. Who is the more culpable, a party who supervises and coordinates the overall project, or a party who is responsible for the scaffolding and the particular work which produced the injury? Both are in charge of the work, to be sure, but of different phases of the work. Neither can escape liability to the [injured] plaintiff—thus the purpose of the Act is accomplished—but the lesser delinquent, if held accountable by the plaintiff, can transfer its statutory liability to the active delinquent, whose dereliction from duty brought about plaintiff's injury.'

We accordingly conclude that this is a proper case for a third-party complaint and that the trial court erred in dismissing the architect's third-party complaint on motion without presenting the issue to the jury. (*Griffiths & Son Co. v. National Fireproofing Co.,* 310 Ill. 331; *Blaszak v. Union Tank Car Co.,* 37 Ill.App.2d 12; *Palmer House Co. v. Otto,* 347 Ill.App. 198; *Banks v. Central Hudson Gas & Electric Corp.,* 224 F.2d 631 (2d Cir.); *Shell Oil Co. v. Foster-Wheeler Corp.,* 209 F. Supp. 931.) On the present state of the record it is therefore neces-

sary to remand this cause for a trial to determine the respective rights and liabilities of the architects and the contractor *inter se."*

■■ In the case at bar, we think Deck's contention that because the third-party plaintiff, Velo, and the third-party defendant, Decks, did nothing about safety devices makes both parties equal joint tort-feasors, is incorrect. It is entirely conceivable that the jury could consider Velo the passive tort-feasor and Decks, doing the actual work, was an active tort-feasor. The primary responsibility for a safe place to work could be on the roofing contractor, Decks, and the general contractor, Velo, could be secondarily liable because it was in charge of the work. Being in charge of the work made Velo liable to the plaintiff, but this is a technical liability imposed by the statute, and we hold Velo has an implied indemnity action against Decks, the third-party defendant. To determine the extent of this responsibility, if any, is a question of fact for the jury, as stated in *Miller v. DeWitt.*

The trial court was correct in allowing the jury to decide the issue, and the judgment is affirmed.

*Judgment affirmed.*

ADESKO, P. J., and BURMAN, J., concur.