**AETNA FREIGHT LINES, INC. et al.,**
Appellants,

v.

**R. C. TWAY COMPANY, Inc., Doing Business as Kentucky Manufacturing Company, Appellee.**

Court of Appeals of Kentucky.

Nov. 22, 1961.

Rehearing Denied Jan. 19, 1962.

Stanley B. Mayer, Louisville, for appellants.

Charles I. Dawson, Bullitt, Dawson & Tarrant, Louisville, for appellee.

CULLEN, Commissioner.

Aetna Freight Lines, Inc., and Paul Fellabaum, appellants, seek reversal of a summary judgment in favor of R. C. Tway Company, Inc., doing business as Kentucky Manufacturing Company.

The pertinent facts are quoted from the opinion on the first appeal of this case, Aetna Freight Lines v. R. C. Tway Company, Ky., 298 S.W.2d 293, 294, 62 A.L.R. 2d 480, as follows:

"Fellabaum purchased a tractor trailer (a 'train' consisting of two trailers connected by a drawbar) from an Ohio dealer who had bought the trailer from Tway, the manufacturer. Fellabaum leased the 'train' to Aetna, a contract carrier operating in Ohio and adjoining states. On June 11, 1949, after it had been used approximately four months and had run some 17,000 miles, the 'train' was involved in an accident in Ohio which resulted when the drawbar broke, permitting the 'train' to cross the road and collide with an approaching car.

"Three passengers in the car were killed and two were seriously injured. Shortly after the accident, five suits were filed in Ohio against Fellabaum, Aetna, and Harr, the driver of the trailer,—three by the administrators of the estates of the deceased, and two by the injured persons."

Appellants settled the suits before trial and then sued Tway to recover indemnity. They pleaded lack of negligence on their part and alleged that the accident was the result of Tway's negligent manufacture of the drawbar and safety chain. Tway denied negligence. The proof submitted by appellants on the motion for summary judgment established an absence of negligence

on their part. It is so conceded in the brief for Tway.

On the prior appeal, a summary judgment in favor of Tway (which had been granted on the ground that the plaintiffs were not the real parties in interest) was reversed. Upon remand, the trial court was directed to permit Tway to renew his motion for summary judgment on the ground that appellants were not liable to the victims of the accident. Regarding this ground the opinion said: "Unless the plaintiffs * * * are able to show something more than is presently in the record to indicate a material issue of fact on the question of their legal liability to the injured claimants with whom they settled, and whether their negligence giving rise to such liability was secondary and passive, in relation to the primary and active negligence of Tway, the court will sustain the motion for summary judgment." See Aetna Freight Lines, Inc. v. R. C. Tway Company, Ky., 298 S.W.2d 293, 297, 62 A.L.R.2d 480.

The holding on the first appeal became the law of the case unless appellants were able to show "something more than is presently in the record to indicate a material issue of fact." Copley v. Craft, Ky., 341 S.W.2d 70. In an effort to do so, appellants, in an amended complaint, alleged that the injuries sustained were the result of Tway's primary and active negligence; that the doctrine of res ipsa loquitur would have applied in the suits brought against appellants in Ohio; and that appellants were thereby liable to the claimants with whom they settled by operation of law for secondary and passive negligence. The affidavit of an Ohio attorney was filed, stating the effect of the Ohio res ipsa loquitur rule. Summary judgment in favor of Tway was again rendered.

In sustaining the second motion for a summary judgment, the trial court noted that the amended pleading with supporting affidavit "raises no facts or issues except res ipsa loquitur." Other than the amending pleading and affidavit, the same record as was considered on the first motion for summary judgment was presented.

The appellants' contention appears to be that it was sufficient for them to show that there was a reasonable *possibility* that they would have been held legally liable in the actions against them in Ohio; that the Ohio res ipsa loquitur rule would have permitted the cases to go to the jury, and therefore they might have been subjected to liability. We think, however, that it was not sufficient for them to show merely a reasonable possibility of their having been held liable, but that they were required to show actual legal liability.

As stated in the opinion on the first appeal of this case, the substantive issues in the case are controlled by the Ohio law. The Ohio rule with respect to recovery of indemnity by a person who has *settled* the claim against him is stated in Globe Indemnity Co. v. Schmitt, 142 Ohio St. 595, 53 N. E.2d 790. One of the stated requirements is that the person seeking indemnity prove "that he was legally liable to respond" in damages to the person with whom he settled. In support of this rule the Ohio court cites Tugboat Indian Co. v. A/S Ivarans Rederi, 334 Pa. 15, 5 A.2d 153. In that case the plaintiff had settled a tort claim for personal injuries against him, arising out of his operation of a tugboat which was engaged in docking the defendant's steamship, and he sought to recover from the defendant, by way of indemnity, the amount he had paid in the settlement. In the trial of the indemnity suit the plaintiff proved that he had not been negligent in the operation of his tugboat. The court held that in order to obtain indemnity the plaintiff must have proved that he was legally liable to the person with whom he had settled, and since his proof was that he was not liable he could not recover.

Another Ohio case involving the question of proving the legal liability of the person seeking indemnity to the person with whom he settled is American Fidelity & Casualty Co. v. Bennett, Ohio App., 125 N.

E.2d 754. There a truck owned by the plaintiff had been involved in a collision which caused injuries to occupants of an automobile. The occupants had brought suit against the truck owner alleging that the truck had been negligently operated and that it had defective brakes. The truck owner had settled that suit and was seeking indemnity from the defendant, a garageman who had been employed before the accident to repair the brakes on the truck. The ground on which indemnity was sought was that the accident had been caused solely by the defective brakes, for which the garageman was primarily responsible. In upholding the recovery of indemnity the court held that a basis of legal liability of the truck owner to the injured persons had been shown, in that the truck owner was responsible in law to the injured persons for the negligence of the repairman he had employed to fix the brakes. The court said that the fact that the jury in the original damage suit possibly might have found that the accident was caused by negligent operation of the truck rather than by the defective brakes was immaterial, because it was shown on the trial of the indemnity suit that the cause of the accident was in fact the defective condition of the brakes, and under the established law the truck owner was liable to the injured persons for an accident resulting from that cause. The Bennett case does not depart from the rule stated in the Globe Indemnity case, that the person seeking indemnity must prove that he was legally liable to the person with whom he settled.

In the instant case the plaintiffs-appellants alleged and submitted proof that they were not guilty of any negligence in regard to the defective condition of the drawbar. They did not allege that Ohio law imposed upon them an absolute liability regardless of lack of negligence. They based their right of recovery solely on the proposition that even though they were prepared to introduce proof in the damage suit in Ohio showing clearly that they were not negligent, the jury might have found them liable under the res ipsa loquitur doctrine. This shows only a *possibility* of their having been held liable. Under the Ohio law of indemnity that is not enough—they were required to show actual legal liability.

It is our opinion that the trial court correctly gave summary judgment for the defendant because the plaintiffs did not meet the requirement laid down in the opinion on the first appeal of this case that they show a basis for legal liability on their part to the injured claimants with whom they settled.

The judgment is affirmed.