**KE–WASH COMPANY, Appellee,**

v.

**STAUFFER CHEMICAL COMPANY, Appellant.**

No. 53623.

Supreme Court of Iowa.

May 5, 1970.

Schulman, Phelan, Tucker, Boyle & Mullen, Iowa City, for appellant.

John D. Randall, John D. Randall, Jr., and John R. Hughes, Cedar Rapids, for appellee.

MASON, Justice.

This is an appeal by defendant Stauffer Chemical Company from the trial court's judgment requiring the company indemnify plaintiff Ke-Wash Company for expenditures made in settling an earlier law action in which both parties were named as defendants.

In the spring of 1965 Ke-Wash sold a liquid chemical known as "Knoxweed 42", a product manufactured by Stauffer, to Cleo Hall, a Johnson County farmer. Use

of the chemical, a pre-emergence weed killer, on certain corn fields resulted in crop damage. Hall's complaint of this adverse effect was referred to Stauffer who advised Ke-Wash by letter that complaints were Stauffer's responsibility.

When Hall's complaint was not successfully settled he commenced a law action in the Johnson district court to recover $4871.26 from Stauffer as manufacturer and Ke-Wash as distributor of the weed killer. Both defendants filed answer in the Johnson County case and Ke-Wash filed cross-petition against Stauffer asking for indemnification on the theory that its liability to Hall, if any, was only vicarious and secondary to Stauffer's liability.

Stauffer filed motion to dismiss and strike the cross-petition alleging the action asserted by Ke-Wash in its cross-petition was for indemnity, was a separate and distinct cause of action and did not constitute a proper joinder of actions under rule 33 (a), Rules of Civil Procedure.

Trial of Hall's lawsuit against Ke-Wash and Stauffer commenced October 24, 1966. October 26, the third day of trial, the court sustained Stauffer's motion to dismiss Ke-Wash's cross-petition and November 7 Hall dismissed his action against both parties with prejudice as a result of a settlement agreement reached between the parties. Ke-Wash paid $676.85, Stauffer $1000. The parties agree ruling on Stauffer's motion to dismiss, payment of the settlement figure and Hall's dismissal were all part of one transaction culminating in settlement, not separate and distinct acts one following the other before settlement.

Ke-Wash's action here is for reimbursement from Stauffer for the amount plaintiff contributed to the Hall settlement and for legal fees, court reporting service and mileage expense.

Ke-Wash alleges in Division I of its petition that its liability to Hall was only vicarious, based on implied warranty of fitness of the product sold and therefore secondary to Stauffer's direct liability; and Stauffer, manufacturer of the product, owed a duty to plaintiff as distributor not to subject it to this vicarious liability and having violated this duty should be required to indemnify Ke-Wash.

In the other division Ke-Wash alleges defendant agreed it was responsible for the "Knoxweed 42" complaint as evidenced by exhibit a, a letter to Stauffer from Ke-Wash advising of complaints received by it from purchasers and users of Knoxweed, and exhibit b, a letter to Ke-Wash from Stauffer in reply advising that the company wished to handle any grower complaints directly with the grower as it felt this was its obligation, not that of the distributor Ke-Wash. Plaintiff alleges this correspondence created a contract which defendant breached and plaintiff should now be awarded damages sustained.

Stauffer filed motions to dismiss and to strike, alleging Ke-Wash was seeking indemnity for contribution voluntarily made in settlement of the lawsuit originally filed in Johnson County by Hall against both as defendants; that Ke-Wash voluntarily contributed to the settlement and is now barred and estopped from bringing the present action. It moved to strike that paragraph from plaintiff's petition in which it was alleged Ke-Wash had incurred certain expenses necessary in defense to Hall's action and to strike Division II in its entirety because the theory of recovery asserted in this division was merged in the settlement of the Hall suit and plaintiff was barred and estopped from asserting such right. The motions were overruled.

Answering Ke-Wash's petition Stauffer admits some foundation allegations, denies others and alleges affirmatively in a separate division that Ke-Wash's petition fails to state a cause of action against Stauffer under the law of indemnity in either division. Defendant further alleges Ke-Wash is estopped from seeking indemnity from it because Ke-Wash voluntarily contributed to the Hall settlement, is now seeking recovery of its settlement money and ex-

penses in an action in which plaintiff and Stauffer were both named as co-defendants under allegations of joint and concurring negligence.

The matter was submitted to the trial court on the pleadings in the instant case, the pleadings and interrogatories in the action brought by Hall and the stipulation of Stauffer and Ke-Wash.

In the trial court Stauffer contended the parties here were party defendants in the Hall case, the settlement was voluntarily made by both parties and under the law where settlement is voluntarily made plaintiff is barred and estopped from bringing this action for indemnification.

Plaintiff, on the other hand, claims the settlement makes no difference; that under the facts and circumstances here the settlement was not voluntary in the sense used by defendant and Ke-Wash is entitled to *indemnification or damages.*

The trial court concluded that sustaining Stauffer's motion to strike and dismiss Ke-Wash's cross-petition against Stauffer in the Hall case on the ground Ke-Wash had alleged a cause of action which was a separate and distinct cause of action from the Johnson County suit and was not a proper joinder of actions under rule 33(a), R.C.P., constitutes an adjudication between the parties that the cause of action alleged in the cross-petition was a "separate and distinct cause of action", compelling one to reach the conclusion the matter was res judicata.

The court further concluded the Hall settlement was not voluntary in the sense it would be a bar to indemnification; Stauffer's liability was a direct liability and it owed a duty to Ke-Wash not to subject it to this vicarious liability and, having violated this duty, should be required to *reimburse* Ke-Wash.

The court determined that Stauffer by assuming the complaint and directing Ke-Wash not to become involved created a contract between Stauffer and Ke-Wash which Stauffer breached (Division II) and Ke-Wash should be *indemnified* by Stauffer.

There was no dispute as to the amount Ke-Wash was compelled to pay and the court awarded judgment against Stauffer in the sum of $3247.08 with interest and costs.

In seeking reversal Stauffer asserts the court erred in (1) overruling its motion to strike and dismiss Ke-Wash's petition on the ground it failed to state a cause of action, (2) basing its judgment entry upon erroneous findings of fact and conclusions of law and (3) failing to hold the contribution toward settlement by plaintiff was voluntary and precluded a subsequent action for indemnification.

I. In support of its first assignment of error Stauffer maintains it is essential to a cause of action for indemnity which arises out of a settlement rather than an adjudication and judgment by the court that the party alleging a right of indemnity must plead with specificity the (1) basis of his own liability when he has settled the disputed claim with the injured third party and (2) the grounds upon which the indemnitor should be held accountable. Having elected to settle the disputed claim short of judgment Ke-Wash as indemnitee must assume the same burden of pleading and proof its original claimant bore. Stauffer contends Ke-Wash failed to state anywhere in its petition necessary allegations showing liability of either it or Stauffer toward Cleo Hall.

In appraising the sufficiency of a petition certain rules govern our review.

■ Where a doubtful pleading is directly attacked by motion before issue is joined or in the answer as permitted by rule 72, R.C.P., it will be resolved against the pleader. If, however, the petition does allege ultimate facts upon which plaintiff might recover and states a claim under which evidence may be introduced in support thereof, or if attack is delayed, the pe-

tition should be construed in the light most favorable to the plaintiff with doubts resolved in his favor and the allegations accepted as true.

■ A motion to dismiss is sustainable only where it appears to a certainty a plaintiff would not be entitled to any relief under any state of facts which could be proved in support of the claims asserted by him.

■ Grounds of a motion to dismiss a pleading because it does not state a cause of action must be based on the contents of the pleading assailed. Facts not so appearing, except those of which judicial notice must be taken, must be ignored. Such motions must specify wherein the pleading they attack is claimed to be insufficient. Rule 104(d), R.C.P. Halvorson v. City of Decorah, 258 Iowa 314, 319, 138 N.W.2d 856, 860 (1965); Hagenson v. United Telephone Company, 164 N.W.2d 853, 855 (Iowa 1969); and Nelson v. Wolfgram, 173 N.W.2d 571, 573 (Iowa 1970), and authorities cited in these opinions.

■ Furthermore a party seeking indemnity has the burden of pleading and proving he is entitled to that relief. Mineke v. Fox, 256 Iowa 256, 262–263, 126 N.W.2d 918, 921.

The following portion of defendant's motion specifies wherein it contends Ke-Wash's petition was insufficient:

"2. Plaintiff's petition seeks indemnity for contribution voluntarily made in the settlement of a law suit originally filed in Johnson County, Iowa, by one Cleo Hall, against both plaintiff and defendant herein in Cause No. 37345. By reason of the fact, as shown on plaintiff's petition, that plaintiff herein voluntarily contributed to the settlement of the Johnson County case, plaintiff is now barred and estopped from bringing the within action."

This allegation cannot be construed as being a contention made in the trial court that Ke-Wash's petition was fatally defective because of failure to state grounds upon which Stauffer should be held accountable to Ke-Wash.

■ The rule is well established that a party is not entitled to urge a contention raised for the first time in this court. Associates Discount Corp. v. Held, 255 Iowa 680, 684, 123 N.W.2d 869, 871; Jones v. Sears, 258 Iowa 906, 911, 140 N.W.2d 854, 857; Volkswagen Iowa City, Inc. v. Scott's Incorporated, 165 N.W.2d 789, 794–795 (Iowa 1969).

■ The duty to indemnify may arise from some expressed or implied-in-fact agreement to indemnify, or may be imposed by operation of law independently of contract, either expressed or implied in fact, from the relationship of the parties. E. Eugene Davis, Indemnity between Negligent Tortfeasors: A Proposed Rationale, 37 Iowa L.Rev. 517; Professor Dale B. Furnish, Distributing Tort Liability: Contribution and Indemnity in Iowa, 52 Iowa L.Rev. 31; 42 C.J.S. Indemnity § 2, page 564; 41 Am.Jur.2d, Indemnity, sections 2, 19 and 20. See also Williams v. Johnston, 92 Idaho 292, 294–295, 442 P.2d 178, 180–181, where the article by Davis, supra, is cited and quoted from at length.

II. The real substance of Stauffer's attack on the petition is its contention, as previously stated, that the party alleging a right of indemnity must plead with specificity the basis of its own liability when it has settled the disputed claim with the injured third party.

Stated another way, Stauffer maintains Ke-Wash having failed to allege it was legally responsible for Hall's damages and that consequently its contribution to the settlement of his action was under compulsion, Ke-Wash must be held to have acted as a mere volunteer in paying on the Hall damage claim and is not entitled to recovery.

■ We have held where a party seeking contribution makes a settlement with

the injured third party, he must plead and prove his own actionable negligence. Further, he must prove the negligence of the party from whom contribution is sought. A petition failing to make these necessary allegations may be properly dismissed. Before there can be contribution among tortfeasors there must be tortfeasors. Allied Mutual Casualty Co. v. Long, 252 Iowa 829, 833–839, 107 N.W.2d 682, 684–687.

But an action for indemnity is distinguishable. "[T]he difference between 'contribution' and 'indemnity', briefly stated, is that the former indicates liability for loss occasioned by a tort is shared by those responsible for it. 'Indemnity' indicates the entire liability for loss is shifted from one person held legally responsible to another person." Federated Mutual Imp. & H. Ins. Co. v. Dunkelberger, 172 N.W.2d 137, 142 (Iowa 1969). For other statements of the distinction between contribution and indemnity see Prosser, Laws of Torts, Third Ed., section 48; and Indemnity between Negligent Tortfeasors: A Proposed Rationale, supra.

■ The fact Ke-Wash contributed to the Hall settlement before judgment obtained does not make the payment voluntary nor bar its right to indemnity since indemnity can be recovered in proper cases even though settlement of the action is the basis. We have recently so held. Federated Mutual Imp. & H. Ins. Co. v. Dunkelberger, 172 N.W.2d at 143. A person confronted with an obligation he cannot legally resist is not obliged to wait to be sued and lose opportunity to compromise. United Boatbuilders Inc. v. Tempo Products Co., 1 Wash.App. 177 at 180, 459 P.2d 958 at 960.

For a collection of authorities supporting this position see Southwest Mississippi Elec. Pow. Ass'n v. Harragill, 254 Miss. 460, 467–469, 182 So.2d 220, 223–224; and United Boatbuilders Inc. v. Tempo Products Co., supra.

However, we have never expressly stated our position on the necessity or extent which a party seeking indemnity must allege and prove he was legally liable to the injured party.

The majority of jurisdictions have expressly or implicitly recognized that a party who settles a tort claim with a third person injured by a product must show that a legal liability extended to such third person in order to maintain an indemnity action against another party alleged to be responsible for the damages in question. Early Settlers Insurance Co. v. Schweid, D.C. App., 221 A.2d 920, 922; Southern Nitrogen Co. v. Stevens Shipping Co., 114 Ga. App. 581, 584–587, 151 S.E.2d 916, 920–921; Williams v. Johnston, 92 Idaho 292, 297–298, 442 P.2d 178, 183–184, and citations; Suvada v. White Motor Co., 32 Ill.2d 612, 622, 210 N.E.2d 182, 188; Aetna Freight Lines Inc. v. R. C. Tway Co., Ky. App., 352 S.W.2d 372, 373–374; Southwest Mississippi Elec. Pow. Ass'n v. Harragill, 254 Miss. at 467, 182 So.2d at 223; Globe Indemnity Co. v. Schmitt, 142 Ohio St. 595, 602, 53 N.E.2d 790, 794; United Boatbuilders Inc. v. Tempo Products Co., 1 Wash.App. at 180–183, 459 P.2d at 960–961; 28 A.L.R.3d 943, 955; 42 C.J.S. Indemnity § 25, pages 603–604.

As stated by the Washington court of appeals in United Boatbuilders Inc. v. Tempo Products Co., 1 Wash.App. at 180–183, 459 P.2d at 960–961:

" * * * Our Supreme Court has * * consistently required an indemnitee, if he settles a claim before judgment, to prove that he was in fact liable in damages. Justice Rosellini, speaking for the court in Nelson v. Sponberg, 51 Wash.2d 371, 376, 318 P.2d 951, 954 (1957), discussed the rule as follows:

"As recognized in that case [Oregon-Washington R. & Nav. Co. v. Washington Tire & Rubber Co., 126 Wash. 565, 219 P. 9 (1923)], Washington is with the majority of courts which hold that an indemnitee who seeks reimbursement from his indemnitor for a payment made by him in discharge of the claim indemnified against is

not bound to submit to suit before paying the claim; but if he pays without such suit, as a condition of recovery from his indemnitor, he is under the necessity of proving that he was liable for the amount thus paid."

A statement similar in nature is made in Southwest Mississippi Elec. Pow. Ass'n v. Harragill, supra, 254 Miss. at 468, 182 So.2d at 223, "The authorities hold that to recover indemnity it is necessary for the plaintiff to allege and prove that he was legally liable to the person injured, and consequently, paid under compulsion. Otherwise, the payment is a voluntary one for which there can be no recovery."

The reason for the rule is well stated in Williams v. Johnston, 92 Idaho 292, 298, 442 P.2d 178, 184, where the court said:

"Appellants further contend * * * that the law favors settlements and in protecting the best interests of his client, an attorney often is required to negotiate a reasonable settlement rather than trust to the uncertainties of a trial; that both reason and legal authority indicate that a party otherwise entitled to indemnity should not be penalized for attempting to protect his rights by entering into a settlement which appears favorable under the circumstances presented at the time of the negotiations. With this general contention there can be no dispute. However, a settlement agreement between plaintiff A and defendant B should not be the basis of imposing a liability on defendant C to indemnify B without a showing of liability of B to A."

■ We hold except where there is an expressed agreement for indemnification providing otherwise as in Robert & Company Associates v. Pinkerton & Laws Co., 122 Ga.App. 29, 30–32, 169 S.E.2d 360, 362–363, a party seeking to establish in an independent action a right of indemnity as a theory of recovery must plead and prove three basic elements: (1) it was liable to the injured party, (2) the settlement was reasonable and (3) the facts are such as to give rise to a duty on the part of the indemnitor to indemnify the indemnitee.

Only the first element needs to be considered here. This presents the question whether Ke-Wash having alleged in Division I of its petition as a basis for recovery the theory of indemnification may plead and prove potential liability or must plead and prove actual liability to the third party claimant.

Allied Mutual Casualty Co. v. Long, 252 Iowa 829, 833, 107 N.W.2d 682, 684, was a suit for contribution which presented the question whether it is necessary in such suit that plaintiff plead and prove its own actionable negligence to the third party injured. Plaintiff had not pleaded that its insured was in fact negligent; only that the trier of fact might have found it to be so. The trial court, on its determination of law points, held this to be a fatal defect, and dismissed the petition.

Plaintiff there contended that where one of the alleged tortfeasors had entered into a settlement with an injured third party it should be sufficient to plead and prove that under the circumstances the trier of fact might reasonably have found the settlor liable because of negligence. The court noted that with one exception (which had been overruled) plaintiff cited no authority supporting its position. The court said it was the apparent thought of plaintiff that this court should change the basis for contribution by saying that in the case of a settlement by one alleged tortfeasor, it is sufficient if the trier of the fact in a suit by the injured third party might find him actionably negligent; and so that he need not plead and prove actionable negligence, but only that it might have been found against him.

In rejecting this contention this court said, "If one who has settled with an injured party is not ready to admit his own negligence in a contribution action, he has mistaken his remedy. He cannot have his cake and eat it. If he thinks he was in fact

not liable, he may take an assignment of the claim, or perhaps proceed under the theory of subrogation, in a proper case. But if he elects to recover on the theory of contribution, he must prepare to bring himself within the universally defined rules which govern it."

In Aetna Freight Lines Inc. v. R. C. Tway Co., Ky.App., 352 S.W.2d at 373–374, a suit for indemnification, the court held plaintiffs were not entitled to recover where they showed there was only a possibility of their being held liable in actions against them—they were required to show actual legal liability.

In United Boatbuilders Inc. v. Tempo Products Co., 1 Wash.App. at 180, 459 P.2d at 960, the Washington court declining to embrace the theory of "potential liability" held in an indemnification case that the indemnitee, if he settles a claim before judgment, is required to prove he was in fact liable in damages.

These authorities as well as others cited, supra, support our conclusion that a party who seeks to recover in an independent action on the theory of indemnity is required to plead and prove he was in fact legally liable to the injured third party.

■ For Ke-Wash to be entitled to relief under the theory asserted in Division I of its petition it was required to have alleged it was legally liable in damages to Hall. Having failed to do so, defendant's motion as to this division should have been sustained.

We need not reach the question as to what the pleading and proof requirement might be if plaintiff had asserted its theory of recovery alleged in Division I in this action as a division in a cross-petition where both Stauffer and Ke-Wash were defendants.' See, however, Fane v. Hootman, 254 Iowa 241, 117 N.W.2d 435, a suit for contribution.

III. This leaves for consideration sufficiency of the pleading and proof to sustain the judgment under Division II of plaintiff's petition. The obligation on which recovery was sought in Division II is alleged to have arisen out of contract. To recover it was necessary to plead and prove the existence of a contract between Stauffer and Ke-Wash which had been breached by Stauffer's failure to perform the obligation assumed by it under exhibit b and resulting damage to Ke-Wash.

The trial court found as a matter of law that plaintiff's exhibits a and b created a contract between plaintiff and defendant which Stauffer breached.

In exhibit b Stauffer stated in part:

"I am taking the liberty to reply to your letter of June 15 [exhibit a] * * *.

"* * *

"We wish to handle any grower complaints directly with the grower. We feel it is our obligation to do so and not the duty of our distributor. I would suggest you tell any grower who has not paid your company for their purchases of Knoxweed they should pay you for the Knoxweed and contact Stauffer directly. You may ask them to contact me if you wish. We do not wish our distributors to be in the middle on any product complaints from their farmers. By handling as we have suggested above, I believe this procedure will allow you to get out of the act and place this responsibility on our back where it properly belongs. This should enable you to collect from the farmers and, in turn, satisfy your account with us and we, in turn, will handle any farmers' complaints directly."

■ The trial court was correct in construing exhibits a and b as a contract to perform rather than a contract to indemnify and Stauffer's default in performance of the contractual obligation imposed on it by this contract entitled Ke-Wash to damages without a showing of Stauffer's legal liability in the prior action, the defense of which caused Ke-Wash's damages. A contract to indemnify is quite a different thing from an unqualified promise to perform.

Chicago & N. W. Ry. Co. v. Kramme, 244 Iowa 944, 948–949, 59 N.W.2d 204, 206, and authorities cited. See also 42 C.J.S. Indemnity § 3. Statements in Iowa Power & Light Co. v. Abild Constr. Co., 259 Iowa 314, 338, 144 N.W.2d 303, 317, are further support for this distinction.

Defendant's argument in support of its second assignment—the trial court based its judgment upon erroneous findings of fact and conclusions of law—that plaintiff did nothing more in Division II than set forth two letters purported to establish an expressed contract of indemnity is without merit.

There is substantial evidence to support a finding by the trial court as trier of the fact that there was an enforceable contract between the parties based on adequate consideration in which Stauffer assumed the obligation "to handle any grower complaints directly with the grower" and directed Ke-Wash not to become involved.

It is a fair inference Stauffer failed to perform this contractual obligation in connection with Hall's complaint. When it failed to perform, Hall instituted suit and Ke-Wash was damaged to the extent of the amount paid toward settlement, attorney fees, court costs and mileage expenses incurred.

Defendant's challenge of the sufficiency of plaintiff's pleading and proof to support the judgment rendered on this division cannot be sustained.

IV. In view of our holding in Division III, supra, that the theory of recovery asserted in Division II of plaintiff's petition was based on a contract to perform rather than a contract of indemnity, defendant's third assignment is without merit.

V. Stauffer contends the trial court interpreted the Johnson County ruling sustaining defendant's motion to dismiss Ke-Wash's cross-petition on the ground the claim asserted therein was a separate and distinct cause of action and not properly joined under rule 33(a), R.C.P., with the action brought by Hall as an adjudication that the cause asserted there was well pleaded and binding on the court in the instant case. Defendant's contention in this respect is not well taken.

As pointed out, the court said the Johnson County order constituted an adjudication between the parties that the cause of action alleged by Ke-Wash in its cross-petition was a "separate and distinct cause of action". Nowhere does the court conclude this constituted an adjudication a cause of action had been effectively stated and pleaded or rely on the conclusion contended for by Stauffer as a basis for its judgment.

VI. The trial court's judgment was based on both legal theories asserted by Ke-Wash. We held in Division II, supra, the court erred in failing to sustain defendant's motion to dismiss Division I of plaintiff's petition. In Division III we determined the theory asserted in Division II of Ke-Wash's petition is supported by substantial evidence and is sufficient to support the judgment.

Plaintiff contends that under these circumstances the judgment awarded is justified and error, if any, relating to Division I of its petition does not require a reversal.

This situation presents a question which so far as our research has revealed has never been directly passed on by this court.

In a law action tried to the court when different theories for recovery are alleged in separate divisions and the findings of fact and conclusions of law have substantial support in the evidence and justify the judgment with respect to the theory asserted in one division, error in the trial court's rulings relating to the sufficiency of the pleadings and proof to sustain the judgment on a theory asserted in another division is not grounds for reversal. As tending to support this position see Strutzel v. Williams, 109 Cal.App.2d 512, 515, 240 P.2d 988, 990; and Leoni v. Delany, 83 Cal. App.2d 303, 308, 188 P.2d 765, 768.

We conclude the court's error in failing to sustain Stauffer's motion to dismiss Division I of Ke-Wash's petition does not require reversal of the judgment awarded on the theory asserted in Division II thereof.

The case is therefore—Affirmed in part and reversed in part.

Costs on appeal are to be paid by appellant.

All Justices concur, except UHLEN-HOPP, J., who takes no part.