Rodney Allen STALTER, by Lori Ann STALTER, His Conservator and Lori Ann Stalter, Individually, Plaintiffs,

v.

IOWA RESOURCES, INC., Iowa Power and Light Company, Farmer's Cooperative Exchange and State of Iowa, Defendants.

IOWA RESOURCES, INC., and Iowa Power and Light Company, Cross–Petitioners/Appellees,

v.

IOWA INTERSTATE RAILROAD, LTD., Heartland Rail Corporation, Defendants to Cross–Petition/Appellants,

and

Seedburo Equipment Company, and Chicago Pacific Corp., f/k/a Chicago, Rock Island and Pacific Railroad Company, Defendants to Cross–Petition.

No. 90–683.

Court of Appeals of Iowa.

Jan. 29, 1991.

Carlton G. Salmons, Austin, Gaudineer, Austin, Salmons & Swanson, Des Moines, for defendants to cross-petition, appellants.

Gregory R. Brown, Thomas P. Jorgensen, and Timothy C. Hogan of Duncan, Jones, Riley & Finley, P.C., Des Moines, for cross-petitioners, appellees.

Heard by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

DONIELSON, Presiding Judge.

In November 1970, Chicago, Rock Island & Pacific Railroad Company constructed a railroad spur siding at the Farmer's Cooperative Exchange in Pella, Iowa. The spur was constructed under a side track agreement which required Farmer's Cooperative Exchange to notify and obtain authority for the construction. The spur ran underneath electric transmission lines owned by Iowa Resources, Inc. through its corporate subsidiary Iowa Power and Light Co.

In 1984, Chicago Pacific Corporation purchased, under a bankruptcy trustee's deed, all of the property, including the spur siding, previously owned by Chicago, Rock Island & Pacific Railroad Company. In October 1984, Chicago Pacific Corporation conveyed all of its property to Hawkeye Land Company by a quitclaim deed. Chicago Pacific Corporation retained its rights to convey easements for power line purposes. In 1985, Chicago Pacific Corporation granted an easement to Iowa Power to maintain and operate the power lines across the property in question. Chicago Pacific Corporation conveyed the railroad right-of-way to Heartland. Heartland then leased the right-of-way to Iowa Interstate.

In May 1987, Rodney Stalter was injured by an electric shock when he was testing the grain in a railroad car that was located

on the railroad spur siding underneath Iowa Power's electric transmission lines. The railroad car was placed under the wire by Iowa Interstate.

Stalter and his wife sued various parties on claims of negligence, including Iowa Power and Iowa Interstate. Iowa Power filed cross-petitions against Iowa Interstate and Heartland based on theories of negligence. Heartland answered and pleaded a counterclaim for indemnity against Iowa Power.

The indemnity claim was severed. Stalters' claims proceeded to trial. After the parties had rested, but prior to submission of the case to the jury, two matters pertinent to this appeal occurred. (1) Iowa Power, with the court's permission, dismissed its cross-petition against Heartland and (2) the Stalters settled all their claims with the defendants. Iowa Interstate paid the Stalters $100,000.

The indemnity case was tried to the court on October 23, 1989. The parties stipulated the court could consider all pleadings and evidence of the Stalter tort case. Additional evidence was also presented. The basis for Heartland's claim for indemnity from Iowa Power is the terms of the easement granted to Iowa Power which provides:

> [Iowa Power] shall indemnify and save Grantor, CHICAGO PACIFIC CORPORATION, and its employees, agents, invitees, contractors, tenants and licensees, harmless from and against all claims, losses, demands and causes of action, including attorneys' fees, court costs and/or judgments arising in favor of any person or other legal entity ... which are caused by, or arise directly or indirectly from the construction, use and operation of said wire line or the grant of this easement.

The district court entered judgment in favor of Iowa Power concluding that the easement does not clearly express the intent that Iowa Power would indemnify Heartland and Iowa Interstate for their own negligence. *See Evans v. Howard R. Green Co.*, 231 N.W.2d 907, 916 (Iowa 1975) (agreement to indemnify one for the

consequences of one's own negligence "must be clear and unequivocally expressed."); *accord Payne Plumbing v. Bob McKiness Excavating*, 382 N.W.2d 156, 160 (Iowa 1986); *Trushcheff v. Abell–Howe Co.*, 239 N.W.2d 116, 134 (Iowa 1976). Iowa Interstate and Heartland appeal.

Our review on appeal is on assigned errors of law. Iowa R.App.P. 4.

■ I. *Iowa Interstate.* Initially, we must determine whether we have jurisdiction to entertain Iowa Interstate's appeal. We can assume jurisdiction only if the trial court's authority was properly invoked. *Cf. Danish Book World v. Board of Adjustment*, 447 N.W.2d 558, 559 (Iowa App. 1989). If the trial court's authority was not invoked, we must dismiss Iowa Interstate's appeal. *See In re Adoption of Gardiner*, 287 N.W.2d 555, 559 (Iowa 1980).

■ Iowa Interstate has never filed any pleading against Iowa Power for indemnification, either in terms of a petition or counterclaim. Without the filing of some form of allowable pleading, no civil action is commenced. Iowa R.Civ.P. 48 ("A civil action is commenced by filing a petition with the court."). Iowa Interstate has made no "short and plain statement of the claim showing the pleader is entitled to relief," nor has it made a "demand for judgment" as required by Iowa R.Civ.P. 69(a). Iowa Interstate, therefore, has not invoked the authority of the trial court to hear and determine its purported claim for indemnity. *See generally Christie v. Rolscreen Co.*, 448 N.W.2d 447, 450–51 (Iowa 1989). Because Iowa Interstate had no claim before the trial court for indemnity, it was not a party in the indemnity proceeding and the trial court had no authority to adjudicate its rights. Any ruling at that indemnity proceeding cannot be "shown to have substantially affected the rights" of Iowa Interstate. Iowa R.App.P. 1(b) ("On appeal from the final judgment, appellant may assign as error ... any final adjudication in the trial court ... where such ruling, decision or final adjudication is shown

to have substantially affected the rights of the complaining party.") Therefore, we dismiss the appeal as to Iowa Interstate. *See, e.g., Garberson v. Garberson,* 241 Iowa 713, 42 N.W.2d 391 (1950) (appeal dismissed where one, not a party, filed notice of appeal). The dismissal is without prejudice to any rights Iowa Interstate may have against Iowa Power for indemnity.

II. *Heartland.* Heartland contends it is entitled to indemnification from Iowa Power. Heartland also argues the trial court erred by: 1) considering Iowa Power's defenses which were not affirmatively pleaded; 2) failing to make specific findings it was negligent; and 3) concluding the contract did not clearly express an intention that indemnitee was entitled to indemnification for its own negligence.

■ "[A] party seeking indemnity has the burden of pleading and proving he is entitled to that relief." *Ke–Wash Co. v. Stauffer Chemical Co.,* 177 N.W.2d 5, 9 (Iowa 1970). Settlement before judgment is obtained does not necessarily bar the right to indemnity. *Id.* at 10. However, a party seeking to establish in an independent action a right to indemnity as a theory of recovery must plead and prove three basic elements: (1) it was legally liable to the injured third party, (2) the settlement was reasonable, and (3) the facts are such as to give rise to a duty on the part of the indemnitor to indemnify the indemnitee. *Id.* at 11.

■ Heartland claims to have proven its liability to the Stalters, relying upon Iowa Interstate's payment toward the settlement to establish this element. The district court apparently agreed in concluding "Iowa Interstate's contribution to the settlement establishes legal liability to Stalters and satisfies the first requirement." Ruling on Heartland Rail Corp. and Iowa Interstate Railroad Ltd.'s Indemnity Claims Against Iowa Power and Light Co. at 5. We disagree with both Heartland and the trial court. Iowa Interstate's legal lia-

bility, if any, cannot establish Heartland's legal liability. These entities are not one and the same.

■ The Stalters did not have a claim against Heartland at any time (and the subsequent running of the statute of limitations assures Heartland it can not be subject to further suit). The only basis for Heartland's legal liability to the Stalters must be grounded upon Iowa Power's claim alleging negligence on Heartland's part. However, as noted previously in this opinion, Iowa Power dismissed its claim against Heartland prior to settlement. At the time of settlement Heartland was not subject to an adverse judgment. Heartland has not pleaded or proven any other basis for a finding it was legally liable to the Stalters. Under these circumstances we must conclude any contribution made by Heartland to the Stalter settlement cannot be shown to have been made under compulsion. Rather the payment was a "voluntary payment for which there can be no recovery [for indemnity]." *Ke–Wash,* 177 N.W.2d at 11.

Heartland has failed to plead and prove it was legally liable to the injured third person and, therefore, is not entitled to indemnification. Having concluded Heartland has failed to plead and prove its right to indemnity, we need not reach the remaining contentions of error. Although we do not rely on the trial court's reasoning, we reach the same result. Therefore, we affirm the trial court's denial of Heartland's claim for indemnity. *See Anderson v. Yearous,* 249 N.W.2d 855, 863 (Iowa 1977).

IOWA INTERSTATE'S APPEAL DISMISSED; DENIAL OF HEARTLAND'S INDEMNITY CLAIM AFFIRMED.