IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Nos. 98-60636 & 98-60610

TERRY BARFIELD, ET AL,

                                        Plaintiffs,

        versus

MADISON COUNTY, MISSISSIPPI;
KARL BANKS; J.L. MCCULLOUGH;
DAVID RICHARDSON; LOUISE SPIVEY;
LUTHER WALDROP,

                        Defendants-Third Party Plaintiffs,
                        Counter Defendants-Appellees;

        versus

JESSIE HOPKINS, In His Individual Capacity,

                        Third Party Defendant,
                        Counter Claimant-Appellant.

Appeals from the United States District Court for the
Southern District of Mississippi

May 10, 2000

Before POLITZ, GARWOOD, and DAVIS, Circuit Judges.

GARWOOD, Circuit Judge:

    Present and former employees of the Sheriff's Department in Madison County, Mississippi (collectively, Sheriff's Employees), brought this suit against defendants-appellees Madison County, Mississippi, individual members of Madison County's Board of Supervisors, and Jessie

Hopkins, in his official capacity as Madison County Sheriff (collectively, Madison County). The Sheriff's Employees alleged, *inter alia*, that Madison County violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, by refusing to pay them owed overtime compensation. In response, Madison County asserted a third-party claim for indemnity against appellant Jessie Hopkins, in his *individual capacity* (Hopkins). Following a bench trial, the district court entered judgment in favor of the Sheriff's Employees on their FLSA claims and in favor of Madison County on its indemnification claim against Hopkins. Madison County then settled with the Sheriff's Employees, and, pursuant to its earlier ruling, the district court ordered Hopkins to indemnify Madison County for the amount of the settlement and for its attorneys' fees and expenses. Hopkins appeals. We reverse.

**Factual and Procedural History**

In December 1995, the Department of Labor began investigating reports of unpaid overtime accrued by employees of the Madison County Sheriff's Department. On September 5, 1996, before the Department of Labor completed its investigation, the Sheriff's Employees filed suit in federal district court against Madison County, Mississippi, and the individual members of Madison County's Board of Supervisors,[1] alleging they were owed unpaid overtime compensation under the FLSA. The Sheriff's Employees later amended their complaint to include, *inter*

---

[1] The Sheriff's Employees later voluntarily dismissed their claims against the individual board members.

2

*alia*, claims under 42 U.S.C. § 1983 for deprivations of property rights in wages for work performed and for violations of the Equal Protection Clause of the Fourteenth Amendment, and to name Jessie Hopkins, in his official capacity as Madison County Sheriff, as a defendant in the action. In its answer, Madison County filed a third-party claim seeking indemnification from Hopkins individually on the basis that he was an employer or joint employer of the Sheriff's Employees and individually responsible for any unpaid overtime owed to them. Hopkins then counterclaimed against Madison County, alleging that Madison County's third-party claim against him was brought in retaliation for his cooperation with the Sheriff's Employees in their attempts to obtain unpaid overtime.

After the Sheriff's Employees named Sheriff Hopkins in his official capacity as a defendant, Hopkins's attorney filed an answer on behalf of Sheriff Hopkins in his official capacity, admitting all of the substantive allegations made by the Sheriff's Employees. Madison County subsequently filed a motion to strike this answer and submitted its own answer on behalf of Sheriff Hopkins in his official capacity, denying the Sheriff's Employees' claims. In response, Hopkins moved to disqualify Madison County's counsel, for allegedly filing responses without consulting with him and that were directly inconsistent with earlier positions he espoused. The district court entered an order striking Hopkins's answer and denying the motion to disqualify. The same counsel continued to represent both Madison County and Sheriff

3

Hopkins in his official capacity throughout the litigation, including this appeal.

Following discovery, all parties moved for partial summary judgment. The district court granted the motions in part, dismissing Hopkins's retaliation claim against Madison County and all of the Sheriff's Employees' claims, except those under the FLSA. Additionally, the district court ruled that Madison County and Hopkins individually were both "employers" under the FLSA.

A bifurcated bench trial proceeded. Beginning on March 23, 1998, the district court conducted the first half of the trial to determine liability under the FLSA and Madison County's third-party indemnification action. On March 25, 1998, the district court found Madison County violated the FLSA by refusing to pay the Sheriff's Employees overtime. In addition, the district court concluded that Madison County's refusal to pay overtime was willful and not in good faith, thereby extending the statute of limitations to three years (instead of two), 29 U.S.C. § 255, and permitting an award of liquidated damages, 29 U.S.C. § 260. Applying Mississippi common law to Madison County's third-party claim against Hopkins, the district court determined that Hopkins was primarily responsible for the unpaid overtime and ordered Hopkins to indemnify Madison County for any judgment Madison County would pay to the Sheriff's Employees for the FLSA violations.

Pending the damages phase of the trial, Madison County settled with

the Sheriff's Employees for $750,000. Pursuant to its previous ruling on the indemnification claim, the district court then entered judgment in favor of Madison County against Hopkins for $750,000. Madison County subsequently filed a motion to recover attorneys' fees and expenses from Hopkins. Relying again on Mississippi common law, the district court granted Madison County its attorneys' fees and expenses, which totaled $264,430.32. Hopkins appeals.

### Discussion

On appeal, Hopkins asserts the following claims of error: (1) he was not an "employer" under the FLSA, 29 U.S.C. § 203(d); (2) the FLSA preempts the application of Mississippi common law indemnification; (3) the district court misapplied Mississippi indemnity law; and (4) the district court should have disqualified Madison County's counsel from representing any party in the suit. We agree that the district court erred in its application of Mississippi law. Because this conclusion relieves Hopkins of the judgment entered against him, we need not address the other issues presented in this appeal.

In this appeal from a bench trial, we review the district court's factual findings for clear error. *See Odom v. Frank*, 3 F.3d 839, 843 (5th Cir. 1993). We review *de novo* the district court's determination of law, whether federal or state. *See Gardes Directional Drilling v. U.S. Turnkey Exploration Co.*, 98 F.3d 860, 864 (5th Cir. 1996); *see also Salva Regina College v.* Russell, 111 S.Ct. 1217, 1225 (1991) ("The obligation of responsible appellate review and the principles of a

5

cooperative judicial federalism underlying *Erie* [*R. Co. v. Tompkins*, 58 S.Ct. 817 (1938)] require that courts of appeals review the state-law determinations of district courts *de novo*.").

Madison County does not contend that the FLSA, federal common law, or Mississippi statutory law provide for its indemnification claim. Therefore, the only remaining basis for indemnification lies in Mississippi common law. Accordingly, Mississippi substantive law governs Madison County's common law indemnification claim against Hopkins. When adjudicating claims for which state law provides the rules of decision, we are bound to apply the law as interpreted by the state's highest court. *See Transcontinental Gas v. Transportation Ins. Co.*, 953 F.2d 985, 988 (5th Cir. 1992). If the state's highest court has not spoken on the particular issue, "it is the duty of the federal court to determine as best it can, what the highest court of the state would decide." *Id*. When making such an *Erie* guess, we are bound by an intermediate state appellate court decision unless "convinced by other persuasive data that the highest court of the state would decide otherwise." *First Nat'l Bank of Durant v. Trans Terr Corp.*, 142 F.3d 802, 809 (5th Cir. 1998) (internal quotations and footnote omitted). However, "we will not expand state law beyond its presently existing boundaries." *Rubinstein v. Collins*, 20 F.3d 160, 172 (5th Cir. 1994) (footnote omitted); *see also Johnson v. Sawyer*, 47 F.3d 716, 729 (5th Cir. 1995) (en banc) ("We have long followed the principle that we will not create 'innovative theories of recovery or defense' under local law,

but will rather merely apply it 'as it currently exists.'") (quoting *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1217 (5th Cir. 1985) and citing several other decisions of this Court); 19 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 4507, at 207 (2d ed. 1996) ("Nor is it the function of the federal court to expand the existing scope of state law."). By seeking indemnification from Hopkins, Madison County has petitioned the federal court to do just that—expand the existing scope of Mississippi law; we decline the invitation.

The district court ordered Hopkins to indemnify Madison County for the judgment entered in favor of the Sheriff's Employees, as per the settlement agreement, and for its attorneys' fees and costs. The district court considered Madison County and Hopkins to be joint tortfeasors, based on its conclusions that each was an employer of the Sheriff's Employees and that each violated the FLSA by causing the accrual of unpaid overtime–Hopkins by scheduling the Sheriff's Employees' shifts and duties and by maintaining their personnel records, and Madison County by willfully refusing to appropriate funds to pay overtime once accrued. The district court then applied the principles of non-contractual implied indemnity between joint tortfeasors as set forth by the Mississippi Supreme Court:

> "The general rule governing implied indemnity for tort liability is that a joint tort feasor, whose liability is secondary as opposed to primary, or is based upon imputed or passive negligence, as opposed to active negligence or is negative negligence as opposed to positive negligence, may be entitled, upon an equitable consideration, to shift his responsibility to another joint tort feasor. However, where the fault of each is equal in grade and similar in character,

7

the doctrine of implied indemnity is not available since no one should be permitted to base a cause of action on his own wrong. Thus, the determination of whether or not indemnity should be allowed must of necessity depend upon the facts of each case. . . .

Two critical prerequisites are generally necessary for the invocation of non-contractual implied indemnity in Mississippi: (1) The damages which the claimant seeks to shift are imposed upon him as a result of some legal obligation to the injured person; and (2) it must appear that the claimant did not actively or affirmatively participate in the wrong." *Homes Ins. Co. of N.Y. v. Atlas Tank Mfg. Co., Inc.*, 230 So.2d 549, 551 (Miss. 1970) (citing *Bush v. City of Laurel*, 215 So.2d 256 (Miss. 1968); *Southwest Miss. Elec. Power Ass'n v. Harragill*, 182 So.2d 220 (Miss. 1966)).

With these principles in mind, the district court concluded that Madison County engaged in secondary negligence, while Hopkins's actions constituted primary negligence. These findings provided the basis for ordering Hopkins to indemnify Madison County.[2]

In its findings of fact and conclusions of law, the district court stated:

"While there are no judicial precedents directly addressing the issue of whether a county board of supervisors may recover indemnification from a sheriff for violation of the FLSA, the Court is persuaded by the logic of Mississippi cases in which defendants have sought indemnification from joint tortfeasors."

However, as the Mississippi Supreme Court cautioned in *Atlas Tank*, "the determination of whether or not indemnity should be allowed must of necessity depend upon the facts of each case." *Id*. Madison County

---

[2]   We need not and do not resolve whether the district court properly determined Madison County to be a secondary tortfeasor, and Hopkins a primary one, despite the district court's parallel conclusion that Madison County "willfully failed to pay [the Sheriff's Employees] overtime as required under the FLSA."

8

fails to cite, and our independent research fails to disclose, any Mississippi case in which an employee of a Mississippi governmental entity has been held liable in tort type indemnity or contribution to his governmental entity employer.[3] Because no authority supports the extension of such non-contractual implied indemnity to this context, we will not either, particularly given the countervailing considerations suggested by Mississippi statutory law and the substantial questions of federal preemption, as noted in the margin.[4] *See Johnson v. Sawyer*, 47

---

[3] No case cited to us by Madison County addressed the prospect of a public employee indemnifying a public entity. *See Home Ins. Co. of N.Y.*, 230 So.2d at 554-55 (affirming a trial court's determination not to order an employer to indemnify a utility company); *Bush*, 215 So.2d at 260 (permitting indemnity in favor of a municipality against its independent contractor); *Southwest Miss. Elec. Power Ass'n*, 182 So.2d at 468 (addressing a company's claim for indemnity against a truck dealership and a break repair shop).

[4] Although we need not and do not ultimately resolve the issue, Mississippi law, as Hopkins argues, may in any event immunize him from Madison County's state common law indemnification claim or may indicate a public policy against imposition of tort liability on governmental employees for actions in the course and scope of their employment. *See* MISS. CODE ANN. § 11-46-9; *Mississippi Transp. Comm'n v. Jenkins*, 699 So.2d 597, 599-600 (Miss. 1997) (indicating that Mississippi's Sovereign Immunity-Tort Claims--Act's provisions apply to indemnity and contribution actions). Additionally, although we do not decide the matter, there is a bona fide question whether the FLSA permits the application of a state-law based indemnity remedy benefitting employers. *See LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986) (refusing to apply a state-law cause of action for indemnity, in context of defendant employer's counterclaim against two of plaintiff-employees suing for FLSA overtime, because it would conflict with goals of FLSA and "would deprive them [counter-defendants] of overtime compensation to which the federal statute otherwise entitles them"); *see also Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 144 (2d Cir. 1999) ("[T]he FLSA's remedial scheme is sufficiently comprehensive as to preempt state law" with respect to contribution or indemnification claims by employers.).

9

F.3d at 729 & n.28.

## Conclusion

Finding no authority recognizing under Mississippi law a tort type indemnification claim by a public entity against a public employee for acts in the course and scope of employment, we reverse the district court's judgment for Madison County and render judgment for Hopkins on Madison County's third-party indemnification claim, and on its claim for attorneys' fees and expenses, against him. Accordingly, we do not reach the remaining points raised by Hopkins. For the reasons stated, the judgment below is

REVERSED AND RENDERED.