**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 02-30002**
**Summary Calendar**

_____

**JEFFERY W. KIMBLE,**

**Plaintiff — Counter-Defendant — Appellant — Cross-Appellee,**

**versus**

**CARGO CARRIERS, INC.,**

**Defendant — Counter-Claimant — Appellee — Cross-Appellant.**

**Appeal from the United States District Court**
**for the Middle District of Louisiana**
**(00-CV-624-A)**

**June 17, 2002**

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jeffery Kimble appeals the summary judgment awarded his former employer, Cargill Marine and Terminal, Inc. (incorrectly captioned as Cargo Carriers, Inc.), on his claims for reprisal, in violation of LA. REV. STAT. § 23:967, and retaliation, in violation of LA. REV. STAT. § 30:2027. Cargill cross-appeals the denial of summary judgment on, and dismissal of, its counterclaim for attorneys' fees and costs under LA. REV. STAT. § 23:967(D). **AFFIRMED.**

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Kimble was hired by Cargill as a mechanic in 1998. After not reporting to work on 2 April 1999, he was fired on 7 April. Cargill maintains that it fired Kimble for insubordination and violation of safety requirements; Kimble, that he was fired in retaliation for having complained about Cargill's environmental and safety violations.

II.

A summary judgment is reviewed *de novo*. *E.g., Stout v. Baxter Healthcare Corp.*, 282 F.3d 856, 859 (5th Cir. 2002). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law'". *Id.* (quoting FED. R. CIV. P. 56(c)). "While we view the evidence in a light most favorable to the non-movant, in order to avoid summary judgment, the non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial". *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001) (internal citations omitted). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002)

(citing *Securities & Exch. Comm'n v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

Neither party urges a standard of review for the denial of attorneys' fees. Generally it is reviewed for an abuse of discretion. *See, e.g.*, *Scham v. Dist. Courts Trying Criminal Cases*, 148 F.3d 554, 556-57 (1998) (42 U.S.C. § 1988).

A.

Kimble's reprisal claim was brought pursuant to LA. REV. STAT. § 23:967, which provides in part:

> A. An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
>
> > (1) *Discloses or threatens to disclose* a workplace act or practice that is in violation of *state law*.
> >
> > ....
> >
> > (3) Objects to or refuses to participate in an *employment act or practice* that is in violation of *law*.

(Emphasis added.) The district court awarded Cargill summary judgment because Kimble had produced no evidence of a violation of *state* law. (His claim under this section concerns alleged violations of federal law: Occupational Health and Safety Administration regulations.)

*Puig v. Greater New Orleans Expressway Comm'n*, 772 So. 2d 842 (La. App. 5 Cir. 2000), *writ denied*, 786 So. 2d 731 (La. 2001),

3

notes: "[Section] 23:967 ... specifies that the employer *must have* committed a 'violation of *state* law' for an employee to be protected from reprisal". *Id.* at 845 (second emphasis added); *see also **Nolan v. Jefferson Parish Hosp. Service Dist. No. 2***, 790 So. 2d 725, 732 (La. App. 5 Cir. 2001) (quoting ***Puig***). Kimble asserts: this language is *dicta*; and, while subsection (A)(1) requires that the violation be of state law, subsection (A)(3) requires only a "violation of law".

The § 23:967 claim, however, was apparently brought pursuant to subsection (A)(1),the disclosure provision, *not* (A)(3):

> Plaintiff was wrongfully discharged by Defendant for *reporting* to supervisors and to the Occupational Health and Safety Administration concerning an unsafe working condition in regard to a crane which was in need of repair. This termination is in violation of LA R.S. 23:967 forbidding retaliation against an employee *disclosing* an act or practice of the employer which is, or is reasonably believed to be, in violation of *state* law.

(Emphasis added.)

In any event, Kimble presents no case law in support of his interpretation of the statute. In sum, there is no basis for our questioning the only interpretation offered by a Louisiana court.

> When making ... an ***Erie*** guess, we are bound by an intermediate state appellate court decision unless convinced by other persuasive data that the highest court of the state would decide otherwise. However, we will not expand state law beyond its presently existing boundaries.

4

***Barfield v. Madison County, Miss.***, 212 F.3d 269, 272 (5th Cir. 2000) (internal citations and quotation marks omitted).

B.

Kimble's retaliation claim was brought pursuant to Rᴇᴠ. Sᴛᴀᴛ. § 30:2027. It provides in part:

> A. No ... business ... shall *act in a retaliatory manner* against an employee, acting in good faith, who does any of the following:
>
> > (1) Discloses, or threatens to disclose, to a supervisor or to a public body an activity, policy, [or] practice of the employer ... that the employee reasonably believes is in violation of an environmental law, rule, or regulation.

(Emphasis added.)

"[T]he phrase 'act in a retaliatory manner' ... requires ... showing that the employer was motivated to fire an employee because of the employee's disclosure of an environmental violation". ***Powers v. Vista Chemical Co.***, 109 F.3d 1089, 1094-95 (5th Cir. 1997); *see also* ***Chiro v. Harmony Corp.***, 745 So. 2d 1198, 1201 (La. App. 1 Cir. 1999) ("Chiro was required to establish that the conduct complained of ... occurred as a result of a report of, or complaint of, an environmental violation. In other words, Chiro must show a causal connection between his participation in the protected activity ... and the alleged adverse action taken by Harmony".). The district court concluded Kimble failed to create a material fact issue for this causation requirement.

5

Based upon our *de novo* review of the record, and viewing the evidence in the light most favorable to Kimble, we agree.

## C.

Cargill counter-claimed for attorneys' fees and costs under LA. REV. STAT. § 23:967(D). It provides:

> If suit or complaint is brought *in bad faith* or if it should be determined by a court that the employer's act or practice was not in violation of the law, the employer may be entitled to reasonable attorney fees and court costs from the employee.

(Emphasis added.)

Cargill moved for summary judgment on its counterclaim. The district court denied the motion, finding no evidence of bad faith. In addition, it dismissed the counterclaim. And, all claims having been disposed of, the court entered final judgment.

Cargill contends: the evidence established that Kimble "manufactured" a whistleblower claim; and, as a result, summary judgment should have been entered in its favor. Alternatively, it contends that, notwithstanding the motion's being denied, the district court should have reserved the counterclaim for trial. Cargill provides no legal authority, other than one mention of FED. R. CIV. P. 7(b)(1), in support of its contentions. We will not consider an issue not properly briefed on appeal. *E.g.*, *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 627 n.50 (5th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994).

## III.

6

For the foregoing reasons, the judgment is

AFFIRMED.