# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20708
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 10, 2016

Lyle W. Cayce
Clerk

JAY BROUGHTON; CHRYSTAL BROUGHTON; DAVID A. FETTNER,

Plaintiffs - Appellants

v.

CASTLEPOINT NATIONAL INSURANCE COMPANY, formerly known as SUA Insurance Company,

Defendant - Appellee

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JENNIFER TREVINO; JASON ALLEN; DAVID A. FETTNER,

Plaintiffs - Appellants

v.

CASTLEPOINT NATIONAL INSURANCE COMPANY, formerly known as SUA Insurance Company,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-2506
USDC No. 4:14-CV-2650

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

No. 15-20708

PER CURIAM:*

Plaintiffs–Appellants Jay Broughton, Chrystal Broughton, David A. Fettner, Jennifer Trevino, and Jason Allen filed suit against Defendant–Appellee Castlepoint National Insurance Company, formerly known as SUA Insurance Company, in Texas state court. Plaintiffs contended that they were entitled to recover on a commercial liability policy that Castlepoint issued to a general contractor that worked on Plaintiffs' homes. Following removal to federal court, Castlepoint filed three separate motions for summary judgment, arguing that Plaintiffs' extra-contractual claims were barred by the applicable statute of limitations and that Plaintiffs could not recover under the policy. The district court granted two of the motions for summary judgment, and Plaintiffs timely appealed. For the following reasons, we AFFIRM the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The instant case arises from the efforts of Plaintiffs–Appellants Jay Broughton, Chrystal Broughton, David A. Fettner, Jennifer Trevino, and Jason Allen, to recover damages for alleged construction and design defects in their homes. In or around 2005, Hogar Builders, LLC (Hogar)—a general contractor in Houston, Texas—began development and construction of a cluster of five homes in Houston identified as Units A, B, C, D, and E. Plaintiffs Jay and Chrystal Broughton purchased and moved into Unit D in January 2007, and Plaintiffs Jennifer Trevino and Jason Allen purchased and moved into Unit C in March 2007. After purchasing these homes and moving in,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiffs allegedly discovered substantial and multiple construction and design defects in their homes and complained to Hogar regarding these defects.

Around this period, Defendant–Appellee Castlepoint National Insurance Company, formerly known as SUA Insurance Company (Castlepoint), issued Hogar a general commercial liability policy (the Policy), which was made effective May 16, 2007. The Policy provided insurance coverage to Hogar for bodily injury and property damage, as well as other forms of liability, but included a number of exclusions from coverage. As relevant to the instant matter, the policy contained a "Tract Housing" exclusion, excluding from coverage "'bodily injury', 'property damage' or 'personal and advertising damage', . . . caused, arising, directly or indirectly, out of, or related to an insured's or an insured's sub-contractor's operations . . . that are incorporated into a 'tract housing project or development.'" As defined by the Policy, "Tract Housing" meant "any housing project or development that include[d] the construction of five (5) or more residential buildings in any or all phases of the project or development."

Pursuant to the Policy, Hogar initiated a claim with Castlepoint in January 2009 for coverage related to Plaintiffs' allegations of construction defects. Following its investigation of this claim, Castlepoint determined that the defects alleged were excluded from coverage under the tract housing exclusion and sent Hogar a letter on July 28, 2009, informing Hogar that its claim was denied. Plaintiffs Jay Broughton, Chrystal Broughton, Trevino, and Allen subsequently filed suit against Hogar in Texas state court on June 23, 2011, asserting claims for fraud, violations of the Texas Deceptive Trade Practices Act (DTPA), negligence, and breach of warranty. The parties in that case mediated and reached an agreement, and on July 23, 2013, the state court entered an Amended Agreed Final Judgment and awarded damages to Plaintiffs against Hogar. The Texas state court thereafter appointed Plaintiff

No. 15-20708

David A. Fettner as Receiver to facilitate the collection of damages under the Amended Agreed Final Judgment.

On June 26, 2014, Plaintiffs filed the instant suit against Castlepoint in Texas state court and filed their first amended petitions on July 16.[1] Plaintiffs asserted a number of extra-contractual claims, including violations of the Texas Insurance Code, violations of the DTPA, intentional misconduct, misrepresentation, and breach of the duty of good faith and fair dealing, arising out of Castlepoint's previous denial of Hogar's claim for insurance coverage. Plaintiffs also asserted a breach of contract claim against Castlepoint, contending that it breached the Policy by failing to pay out Hogar's claim. In connection with these claims, Plaintiffs alleged that they were entitled to collect on the insurance claim in satisfaction of their Amended Agreed Final Judgment with Hogar as judgment creditors. Castlepoint removed the action to the United States District Court for the Southern District of Texas on August 29, 2014, on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

Following removal, Castlepoint filed three separate motions for summary judgment. In the first motion, Castlepoint contended that Plaintiffs' breach of contract and extra-contractual claims under Texas state law were barred by the applicable statutes of limitations. In the second motion, Castlepoint contended that Hogar failed to notify it of Plaintiffs' first suit and that this failure constituted prejudice, barring coverage under the Policy. And in the third motion, Castlepoint asserted that the housing tract exclusion in the Policy barred Plaintiffs' breach of contract claim because Hogar built five

---

[1] Plaintiffs Trevino and Allen, with Fettner acting as Receiver, filed suit in the 295th Judicial District of Harris County, Texas. Plaintiffs Jay and Chrystal Broughton, with Fettner acting as Receiver, separately filed suit in the 164th Judicial District of Harris County, Texas. Because both sets of Plaintiffs asserted the same claims and had their actions consolidated following removal, we refer to them as Plaintiffs here.

residential buildings and the Policy expressly excluded coverage where Hogar built five or more residential buildings.  Plaintiffs opposed the motions.  In opposing the third motion for summary judgment, Plaintiffs argued that a supplemental questionnaire submitted to Hogar by Castlepoint, along with the Policy, created a fact issue of whether the Policy excluded coverage on construction of *more than five* units rather than on *five or more* units.[2] Plaintiffs further argued that deposition testimony of Castlepoint's alleged agent, Ralph Nannola, demonstrated that Hogar relied on the supplemental questionnaire when entering into the Policy.[3]

On October 28, 2015, the district court held a hearing on Castlepoint's motions for summary judgment.  At the conclusion of the hearing, the district court held that, while Plaintiffs' breach of contract claim was not time barred, their extra-contractual claims under state law were barred by the applicable statute of limitations.  Nonetheless, while the district court concluded that the breach of contract claim was timely, it dismissed this claim, holding that the tract housing exclusion in the Policy—by its plain terms and under Texas state law—exempted Hogar's construction defects from coverage because Hogar's development included the construction of five or more residential buildings. The district court dismissed all of Plaintiffs' claims with prejudice and entered final judgment on November 2, 2015.  Plaintiffs timely appealed.

---

[2] In particular, Plaintiffs pointed to Question 14 of the Supplemental Questionnaire, which asked:

14. Do you work on condominiums, townhouses, apartments or tracts over 5 units at any one time; except for repair or remodeling of not more than 5 units within a development at any given time?

[3] Castlepoint denied that Nannola was its agent.  Because we find that Nannola's testimony is not material to Plaintiffs' breach of contract claim as a matter of law, we decline to address whether he was or was not Castlepoint's agent.

## II. STANDARD OF REVIEW

We review a grant of summary judgment *de novo*, applying the same standard as the district court. *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "We construe all facts and inferences in the light most favorable to the nonmoving party when reviewing grants of motions for summary judgment." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (quoting *Murray v. Earle*, 405 F.3d 278, 284 (5th Cir. 2005)).

As to issues involving "a district court's determination of state law," while sitting in diversity jurisdiction, our review is *de novo*. *Salve Regina Coll. v. Russell*, 499 U.S. 225, 231 (1991). In resolving issues of state law, "we are bound to apply the law as interpreted by the state's highest court." *Barfield v. Madison Cty.*, 212 F.3d 269, 271–72 (5th Cir. 2000). As the district court applied Texas law and all parties agree as to its application, we look to Texas state law in the instant case.

## III. THE DISTRICT COURT'S GRANT OF SUMMARY JUDGMENT

On appeal, Plaintiffs' only contention is that the district court erred in granting summary judgment on their breach of contract claim because the supplemental questionnaire and deposition testimony of Nannola created a genuine dispute of material fact as to whether the Policy excluded Hogar's construction defects from coverage.[4] We find that the district court did not err

---

[4] Although Plaintiffs' arguments on appeal raise issues as to the misrepresentation and intentional misconduct claims they pressed before the district court, Plaintiffs only challenge the district court's grant of summary judgment on their breach of contract claim.

because Question 14 of the supplemental questionnaire and the deposition testimony were not material to Plaintiffs' breach of contract claim under Texas law. *See Gibson v. Rich*, 44 F.3d 274, 277 n.7 (5th Cir. 1995) (noting that facts that are "not material or necessary to [a] case . . . d[o] not preclude summary judgment"). Under Texas law, Plaintiffs as judgment creditors "step[] into the shoes" of Hogar and are bound by the Policy between Hogar and Castlepoint. *Stonewall Ins. Co. v. Modern Expl., Inc.*, 757 S.W.2d 432, 434 (Tex. App.—Dallas 1988, no writ). We have noted that, "[u]nder Texas law, the same general rules apply to the interpretation of contracts and insurance policies." *Aubris Res. LP v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 483, 486 (5th Cir. 2009). Accordingly, "[w]hen construing a contract [or insurance policy], the court's primary concern is to give effect to the written expression of the parties' intent." *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex. 1994). And "[w]hen terms are defined in an insurance policy, those definitions control the interpretation of the policy." *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 219 (Tex. 2003).

Plaintiffs do not contend that the Policy's housing tract exclusion, on its face, unambiguously excluded claims for construction defects where Hogar built five or more units, thereby negating Plaintiffs' breach of contract claim. Instead they assert that Question 14 of the supplemental questionnaire submitted to Hogar and Nannola's deposition testimony create a genuine dispute of material fact that the exclusion, despite its terms, actually only applied when Hogar built more than five residential buildings. However, the questionnaire and deposition testimony are not part of the Policy and are, in

---

They did not brief their dismissed extra-contractual claims. Therefore, Plaintiffs waive any argument on appeal as to the other claims dismissed by the district court. *See United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000) ("It has long been the rule in this circuit that any issues not briefed on appeal are waived.").

fact, parol evidence.[5] *See Sun Oil Co. (Delaware) v. Madeley*, 626 S.W.2d 726, 731–32 (Tex. 1981) (noting parol evidence is evidence extrinsic to a contract). Although parol evidence may be introduced to determine the meaning of ambiguous terms in a policy, "[o]nly where a contract is first determined to be ambiguous may [a] court[] consider the parties' interpretation and admit extraneous evidence to determine the true meaning of the instrument." *Nat'l Union Fire Ins. Co. of Pittsburgh v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995) (citation omitted). "Parol evidence is not admissible for the purpose of creating an ambiguity." *Id.* As the district court correctly concluded, the Policy unambiguously excludes the kind of work performed by Hogar from coverage. Therefore, Plaintiffs' parol evidence is not admissible under Texas law and not material to their breach of contract claim. *See id.* ("Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered.").

In arguing that the court should have considered this parol evidence, Plaintiffs point to our unpublished decision in *Star-Tex Resources, L.L.C. v.*

---

[5] Plaintiffs appear to imply in their arguments that Question 14 of the supplemental questionnaire was incorporated into the Policy. We find any implicit argument on this point unavailing. Plaintiffs do not point to any part of the Policy specifically referencing or incorporating Question 14 of the supplemental questionnaire. Instead they suggest that the Representations provision of the Policy implicitly incorporates this questionnaire. This provision, states in relevant part:

6. Representations
By accepting this policy, you agree:
a. The statements in the Declarations are accurate and complete;
b. Those statements are based upon representations you made to us; and
c. We have issued this policy in reliance upon your representations.

But the Declarations do not reference Question 14 either, and the Policy included a merger clause stating that the Policy "contain[ed] all the agreements [between the parties] concerning the insurance afforded." The Policy did not incorporate Question 14 of the supplemental questionnaire.

*Granite State Insurance Co.*, 553 F. App'x 366 (5th Cir. 2014) (per curiam) (unpublished). There we noted that, under the eight corners rule in Texas law—applying to an insurer's duty to defend—there was a narrow exception to admitting the use of extrinsic evidence "only when relevant to an independent and discrete coverage issue, not touching on the merits of the underlying third-party claim," and "when it [was] initially impossible to discern whether coverage [was] potentially implicated." *Id.* (citations omitted). But Plaintiffs misunderstand the application of the eight corners doctrine. That doctrine is not at issue in this breach of contract claim, but rather applies in duty to defend cases in which courts must determine an insurer's duty to defend based on allegations in the pleadings and the language of an insurance policy. *See Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004). And, as previously mentioned, the language of the Policy unambiguously demonstrates that coverage was not implicated here. The district court ultimately did not err in granting summary judgment against Plaintiffs on their breach of contract claim.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.